THE STATE, *Appellant,* v. PERSINGER.

**Constitutional Law**: TITLE OF ACT: DISTURBING THE PEACE. The act of 1868 in relation to disturbances of the peace, made it an offense to disturb the peace of "any neighborhood, or of any family, or of any school assembled for the purpose of instruction." Acts 1868, p. 3. An amendatory act passed in 1870 entitled "An act to change the penalty for disturbances of the peace," not only changed the penalty, but made the offense to consist in the disturbing of the peace of "any *person* or neighborhood, or of any family, or of any school assembled for the purpose of instruction." Acts 1870, p. 46. *Held,* that in so far as the latter act undertook to make it an offense to disturb the peace of any *person* it was unconstitutional, that matter not being expressed in the title.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

AFFIRMED.

*D. H. McIntyre,* Attorney General, for the State.

No brief for respondent.

NORTON, J.—This case is before us on the appeal of the State from the action of the circuit court in quashing the indictment on defendant's motion. The indictment is founded on section 1, Laws 1870, page 46, and charges in substance that defendant disturbed the peace of Leonard Salmon, Jasper N. Bailey and divers other persons by loud and unusual noise, etc. The defendant filed motion to

quash the indictment on the ground that the said act of 1870 was unconstitutional in so far as it attempted to make the disturbance of the peace of a person or persons an of-·fense. We are of the opinion that the motion to quash was properly sustained for the reason that the said act was entitled "An act to change the penalty for disturbances of the peace." This title only authorized the passage of an act changing the penalty for such disturbances of the peace as were then by law declared punishable. The said act of 1870, while it changed the punishment for such offenses, went further and undertook to amend the act of 1868 by so changing·it, as to make it an offense for one person to disturb the peace of another person. While the title of the act embraced but one subject, namely, a change of the penalty for disturbing the peace, the body of the act not only included that subject, but also another, viz : amending the law so as to make that a disturbance of the peace under the act of 1870, which was not an offense under the act of 1868. It therefore follows, that as the act of 1870 embraced two subjects, one of which was not expressed in its title, it is violative of the 32nd section, article 4 of the Constitution of 1865, and void as to so much thereof as is not expressed in the title. We have been cited to the case of the *State v. Chambers*, 70 Mo. 625, as sustaining the act in question, but this case stands upon a different footing, as will be seen by reference to the case cited. Judgment affirmed. All concur.