GEORGE GRAFF v. H. SAM PRIEST ET AL., Appellants.—No. 40171.—
201 S. W. (2d) 945.

Division One, April 21, 1947.

Rehearing Denied, May 12, 1947.

*James V. Frank,* Associate City Counselor, *James W. Griffin,* Circuit Attorney, and *William C. Lochmoeller,* Prosecuting Attorney, all of City of St. Louis, *J. E. Taylor,* Attorney General, and *William C. Blair,* Assistant Attorney General, for appellants.

*Roberts P. Elam* for respondent.

BRADLEY, C.—This is an action to test the constitutional validity of Sec. 4895a, a new section amendment, effective July 1, 1946, to article 1, chapter 32, R. S. 1939, our liquor control act. The new section appears in Mo. R. S. A., Sec. 4895a. Also, plaintiff asked that enforcement be enjoined. Plaintiff (respondent) operates a cafe, "Club 400", at 3631 Grandel Square, St. Louis, and is affected by the act. Defendants (appellants) are the police commissioners, chief of police, chief of detectives, the circuit attorney and the prosecuting attorney of St. Louis, the state supervisor of liquor control and his deputy in district 3, and the attorney general. The trial court held the act unconstitutional and void and enjoined enforcement; defendants appealed.

The new section amendment with its caption follows:

"AN ACT

"To amend Article 1, Chapter 32 of the Revised Statutes of Missouri, 1939, known as the Liquor Control Act, by adding a new section to said Article 1, Chapter 32 to be known as Section 4895a, *regulating the drinking and consumption of intoxicating liquor in premises where food, beverages or entertainment are sold or provided for compensation;* providing for the issuance of licenses to operate such premises and fixing the fees therefor; providing for the issuance of licenses to operate such premises by incorporated cities having a population of more than twenty thousand inhabitants; providing that such cities may, by ordinance, further regulate the drinking and consumption of intoxicating liquor on such premises; providing qualifications for persons to whom a license may be granted and the giving of a bond by the applicant therefor before approval of a license; *regulating the drinking and consumption of intoxicating liquor on premises licensed for sale of intoxicating liquor by the drink*; providing that premises operated in violating of this Act are a public and common nuisance; providing for enjoining the same; providing that persons violating this Act shall, upon conviction, be guilty of a misdemeanor; providing that the Supervisor of Liquor Control may issue regulations for enforcement of this Act; and containing a saving clause (italics ours).

"Be it enacted by the General Assembly of the State of Missouri, as follows:

"Section 1. That Article 1, Chapter 32, Revised Statutes of Missouri, 1939, known as the Liquor Control Act, be and the same is hereby amended by adding to said Article 1, Chapter 32, a new section to be

known as Section 4895a, regulating the drinking and consumption of intoxicating liquor in premises where food, beverages or entertainment are sold or provided for consumption; providing for the issuance of licenses to operate such premises and fixing the fees therefor; providing for the issuance of licenses to operate such premises by incorporated cities having a population of more than twenty thousand inhabitants; providing that such cities may, by ordinance, further regulate the drinking and consumption of intoxicating liquor on such premises; providing qualifications for persons to whom a license may be granted and the giving of a bond by the applicant therefor before approval of a license; regulating the drinking and consumption of intoxicating liquor on premises licensed for sale of intoxicating liquor by the drink; providing that premises operated in violation of this Act are a public and common nuisance; providing for enjoining the same; providing that persons violating this Act shall, upon conviction, be guilty of a misdemeanor; providing that the Supervisor of Liquor Control may issue regulations for enforcement of this Act; and containing a saving clause, which new section shall read as follows:

"Section 4895a. . . . It shall be unlawful for any person operating any premises where food, beverages or entertainment are sold or provided for compensation, who does not possess a license for the sale of intoxicating liquor, to permit the drinking or consumption of intoxicating liquor in, on or about said premises between ten o'clock P. M. and six o'clock A. M. the following day, without having a license as in this section provided.

"Application for such license shall be made to the Supervisor of Liquor Control on forms to be prescribed by him, describing the premises to be licensed and giving all other reasonable information required by the form. The license shall be issued upon the payment of the fee required herein. A license shall be required for each separate premises and shall expire on the 30th day of June next succeeding the date of such license. The license fee shall be $60.00 per year and the applicant shall pay $5.00 for each month or part thereof remaining from the date of the license to the next succeeding 1st of July. Applications for renewals of licenses shall be filed on or before the 1st of May of each year.

"The drinking or consumption of intoxicating liquor shall not be permitted in, upon or about the licensed premises by any person under twenty-one years of age, or by any other person between the hours of 1:30 A. M. and 6 A. M. on any week day, and between the hours of 12 o'clock midnight Saturday and 12 o'clock midnight Sunday, or on the day of any general, special, or primary election in this state, or upon any county, township, city, town, or municipal election day during the hours the polls are legally open. Licenses issued hereunder shall be conditioned upon the observance of the provisions of this Act and the regulations promulgated thereunder governing the conduct

of premises licensed for the sale of intoxicating liquor by the drink. The provision of this section regulating the drinking or consumption of intoxicating liquor between certain hours and on Election day and Sunday shall apply also to premises licensed under this Act to sell intoxicating liquor by the drink. . . . '' The act goes on to deal with the subject of license as therein provided; to provide that any premises operated in violation of the act is a public nuisance which may be enjoined; making violation of the act a misdemeanor; and empowering the supervisor of liquor control to promulgate rules to enforce or construe the act.

The trial court held: (1) That the act is in violation of Secs. 2 and 10, Art. I (natural rights and due process), Missouri Constitution, 1945, and the due process and equal protection clauses of the 14th Amendment, federal Constitution; (2) that the act is in violation of Sec. 23, Art. III (no bill shall contain more than one subject, etc.) of the Missouri Constitution; and (3) that the act is in violation of subdivision 30 of Sec. 40, Art. III, Missouri Constitution, which prohibits a local or special law where a general law can be made applicable.

Plaintiff's cafe will accommodate 400 or 500 customers. There is a dance floor which can be mechanically raised to become a stage for floor shows, and plaintiff furnishes floor shows for the entertainment of his customers. These shows are of about 45 minutes duration and are given at 11 P. M., 1 A. M., and 3 A. M. Plaintiff makes a charge for admission which charge is termed a ''cover charge'', and without further charge plaintiff furnishes to such of his customers as desire a variety of soft drinks and ice, termed ''setups'', which such customers use to mix with the intoxicating liquors which they bring with them and drink with the setups. Plaintiff estimated that about fifty percent of his customers use the setups to mix and drink with the intoxicating liquors they bring with them, and all have his permission to do that. Plaintiff's cafe is open to the public from 10 P. M. until about 4 A. M. the following day and especially accommodates ''people working on late shifts and after theater crowds.''

The trial court held that the act is void under the natural rights and due process constitutional provisions: (1) Because it deprives plaintiff of his liberty, his property, and the gains of his own industry; (2) because it makes illegal plaintiff's permission to his customers to drink, in his cafe, the intoxicants they bring; (3) because it does not regulate the drinking or consumption of intoxicating liquors in his cafe, but instead regulates the lawful business ▓▓ of selling or providing for compensation food, soft beverages, ice (setups), and entertainment; (4) because it is arbitrary, vague, ambiguous, unreasonable, capricious, oppressive, and is in excess of the necessary regulation for the protection of the public health, welfare, and safety, and arbitrarily declares something to be a public nuisance which in fact is not such; and (5) because the ''act unreasonably, arbitrarily, capriciously and

without legal or reasonable basis, undertakes the regulation of the the businesses and conduct to which the act is applicable only during certain hours of the day, when such regulation, if necessary for the protection of the public health, welfare, comfort or safety in the City of St. Louis and State of Missouri, should be applicable generally at all hours of the day.''

The act was held void by the trial court under Sec. 23, Art. III of the Constitution (no bill shall contain more than one subject, etc.) : (1) Because the body of the act is broader than its title; (2) because ''the act in both its title and in its body contains terms indicating that it deals with both the subject of regulation of he drinking and consumption of intoxicating liquor upon premises not licensed for the sale of intoxicating liquor, and the subject of regulation of the drinking and consumption of intoxicating liquor upon premises licensed to sell intoxicating liquor.'' And under subdivision 30 of Sec. 40, Art. III, Missouri Constitution, the act was held void because it is a local or special law where a general law could be made applicable. And the act was held void under the equal protection clause of Sec. 1, 14th Amendment, federal Constitution, because it deprives plaintiff of the equal protection of the law.

On the contention that the act, contrary to due process, deprives plaintiff of his constitutional guaranties of his liberty, his property, the right to perform and permit another to perform a lawful act, and his right to engage in a lawful business, plaintiff cites many cases which held statutes void. We make reference to some of these cases and the holding in each as indicated: Meyer v. Nebraska, 262 U. S. 390, 43 S. Ct. 625, 67 L. Ed. 1042, held void a penal statute prohibiting the teaching in any private or public school of any modern language, except English, to any child not above the 8th grade; Allgeyer v. Louisiana, 165 U. S. 578, 17 S. Ct. 427, 41 L. Ed. 882, held void a penal statute prohibiting any one to effect, for himself or another, insurance on property in the state in any marine insurance company which had not complied in all respects with the laws of the state; Adair v. United States, 208 U. S. 161, 28 S. Ct. 277, 52 L. Ed. 436, held that it is not within the power of Congress to make it a criminal offense for an interstate carrier or its agent to discharge an employee because of membership in a union; Coppage v. Kansas, 236 U. S. 1, 35 S. Ct. 240, 59 L. Ed. 441, held void a statute making it a misdemeanor for an employer to require an employee to agree not to become or remain a member of a union during employment; Adams et al. v. Tanner et al., 241 U. S. 590, 37 S. Ct. 662, 61 L. Ed. 1336, held void a statute of the state of Washington making it a misdemeanor to demand or receive a fee for furnishing employment or furnishing information leading thereto; In re Flukes, 157 Mo. 125, 57 S. W. 545, held void a statute (Sec. 2356 R. S. 1889) making it a misdemeanor for a creditor to send out of the state any note, account, etc. of a

debtor, resident of this state, for the purpose of bringing suit to sub-ject the wages of such debtor to the payment of the note, or account, etc.; State v. Julow, 129 Mo. 163, 31 S. W. 781, held void a statute (Laws 1893, p. 187) making it a misdemeanor for an employer or his representative to contract with the employees to withdraw from a union or not to attend union meetings; State v. Loomis et al., 115 Mo. 307, 22 S. W. 350, held void a statute (Secs. 7058 and 7060 R. S. 1889), making it a misdemeanor for any one engaged in manufacturing or mining to issue in payment of wages to employees any order, check, memo, or token payable otherwise than in lawful money of the United States, unless the order, check, etc. was negotiable and redeemable at face value in cash or goods at the option of the holder.

On the contention that the new section violates equal pro-tection and due process and is unreasonable and arbitrary in that, as plaintiff says, it makes it a misdemeanor for him to permit his cafe customers to consume in his cafe their own intoxicants with his setups, plaintiff cites these cases, among others, which hold as indicated: Lochner v. New York, 198 U. S. 45, 25 S. Ct. 539, 49 L. Ed. 937, held void a statute making it a misdemeanor to require or permit em-ployees to work in bakeries more than 60 hours per week or 10 hours per day; United States v. L. Cohen Grocery Co., 255 U. S. 81, 41 S. Ct. 298, 65 L. Ed. 516, held void an act of Congress making it a crime punishable by fine or imprisonment or both to wilfully destroy any necessaries for the purpose of enhancing the price or restricting the supply, or knowingly commit waste or wilfully permit preventable deterioration of necessaries in connection with production, manu-facture or distribution; to hoard, etc.; International Harvester Co. v. Kentucky, 234 U. S. 216, 34 S. Ct. 853, 58 L. Ed. 1284, held an antitrust provision of the Kentucky Constitution and a penal statute based thereon void because there was no standard of conduct pre-scribed that would make it possible to know in advance and comply with; Lanzetta et al. v. New Jersey, 306 U. S. 451, 59 S. Ct. 618, 83 L. Ed. 888, held void because of vagueness and uncertainty, a New Jersey statute which declared "any person not engaged in any law-ful occupation, known to be a member of any gang consisting of two or more persons, who has been convicted at least three times of being a disorderly person, or who has been convicted of any crime, in this or any other state, is declared to be a gangster." Every violation was punishable by fine or imprisonment or both; Lawton v. Steele, 119 N. Y. 226, dealt with the constitutional validity of a statute declaring that any net found in or upon the waters of the state or on the shores thereof in violation of the law to be a nuisance, and authorized sum-mary abatement and destruction by any person. Held valid in so far as it authorized destruction by the officers named; People v. Belcastro, 356 Ill. 144, 190 N. E. 301, held void, because arbitrary and unreason-able, a statute declaring persons reputed to be habitual violators of

criminal laws or reputed to act as associates or companions of such persons, or reputed to carry concealed weapons to be vagabonds, and punishable by fine or imprisonment or both; Ex Parte Smith, 135 Mo. 223, 36 S. W. 628, held void a St. Louis ordinance making it an offense for any one to knowingly associate with persons having the reputation of being thieves, etc. for the purpose or with the intent to agree to commit any offense, or to cheat and defraud. It was held that such an ordinance was an invasion of the right of personal liberty.

Neither of the above cases nor any case cited by plaintiff supports his contention that the act here in question violates due process, equal protection, or infringes unconstitutionally on his right to enjoy the gains of his own industry. But defendant says that the ruling by this court in State x. Excelsior Springs Light, Power, Heat & Water Co., 212 Mo. 101, 110 S. W. 1079, is "almost precisely in point." The question in that case was the constitutional validity of a statute (Sec. 28, Laws 1905, p. 163). The statute made it a misdemeanor for any one to suffer or permit any deleterious substances to be thrown, run or drained into the waters of this state in quantities sufficient to kill or injure fish. The defendant in that case was convicted of violating the statute, and on appeal the statute was held to be void. The ruling, however, was not because the statute made it an offense to *permit* violation, but because it did not provide [212 Mo. l. c. 107] that "the permission or suffering of the acts to be done must be upon premises or in the operation of a plant under the control of the persons, firm or corporation designated by the statute, or that the persons committing the act are in the employ of such persons, firm or corporation. In other words, there is an entire absence from that section of provisions which in any way impose the duty upon the persons, firm or corporation designated by the statute to prevent the throwing of poisonous substances into the waters of this state or that such persons, firm or corporation as mentioned in the statute occupied any position which would impose upon them either the moral or legal obligation of not suffering the commission of such acts."

It is conceded of course that the legislature, under the police power, may make reasonable regulations as to intoxicating liquors. And a statute or municipal ordinance which is fairly referable to the police power of the state or municipality, and which discloses upon its face, or which may be shown aliunde, to have been enacted for the protection, and in furtherance of the peace, comfort, safety, health, morality, and general welfare of the inhabitants of the state or municipality, does not contravene or infringe due process. Zinn v. City of Steelville et al, 351 Mo 413, 173 S. W. (2d) 398, l. c. 400. The police power is not something that is rigid and definitely fixed, but in its very nature it must be somewhat elastic in order to meet the changing and shifting conditions which from time to time arise through the

increase of population and complex commercial and social relations of the people. State v. Mo. Pac. Ry. Co., 242 Mo. 339, l. c. 355, 356, 147 S. W. 118; 11 Am. Jur., Constitutional Law, Sec. 253, p. 980. However, the exercise of the police power cannot be made a cloak under which to overthrow or disregard constitutional rights. Poole & Creber Market Co. v. Breshears et al., 343 Mo. 1133, 125 S. W. (2d) 23, l. c. 27, 28.

Plaintiff contends that the act "does not regulate the drinking or consumption of alcoholic liquor, but regulates the business of providing food, beverages or entertainment. The section plainly does not regulate the business of providing food, etc.; it is only the drinking and consumption of intoxicating liquor that is regulated. There is nothing in the act that affects plaintiff's sale of food, soft beverages, and entertainment between the hours mentioned therein except as the prohibition of permitting drinking of intoxicants in plaintiff's cafe might affect the number of customers who might come between the hours mentioned, and plaintiff, in his evidence, in effect, so concedes. In his evidence he said that if the act is enforced the late crowd "just wouldn't come." If the effect of enforcement of the act would be such as plaintiff says and would result in pecuniary loss to him that would not make the act unconstitutional. 11 Am. Jur., Constitutional Law; Sec. 268, p. 1012; L'Hote v. New Orleans, 177 U. S. 587, 20 S. Ct. 788, 44 L. Ed. 899; Erie R. Co. v. Williams, 233 U. S. 685, 34 S. Ct. 761, 58 L. Ed. 1155, 51 L. R. A. (N. S.) 1097. Also, plaintiff says that the preposition "about" in the phrase "in, on or about said premises", as used in the act, makes it so vague that the average person would not know when he might be violating the act. If a case should arise where guilt hinged on the scope of "about", such would be a question of fact for the trier of the facts or of law for the court, as the court determined.

We do not think that the act infringes upon plaintiff's rights under the due process provisions of the state and federal Constitutions or deprives him of equal protection under the federal Constitution, or deprives him of the gains of his own industry under Sec. 2 of our Bill of Rights.

■ Is the act void under Sec. 23, Art. III, Constitution, which provides that "no bill shall contain more than one subject which shall be clearly expressed in its title", except bills therein mentioned and not concerned here. It will be noted from the first italicized part of the caption of the act, supra, that the act regulates "the drinking or consumption of intoxicating liquor in premises where food, beverages or entertainment are sold or provided for compensation"; and from the second italicized part of the caption it appears that the act regulates "the drinking and consumption of intoxicating liquor on premises licensed for sale of intoxicating liquor by the drink." Plaintiff construes the caption, combining the two italicized parts, to mean

that the act regulates "the drnking and consumption of intoxicating liquor in premises where food, beverages or entertainment are sold or provided for compensation *and* licensed for the sale of intoxicating liquor by the drink." In other words, plaintiff says that by the title the *only* thing to be regulated is the drinking and consumption of intoxicating liquor in premises *licensed* for the sale of intoxicating liquor by the drink and therefore the title does not contain the subject of regulating the drinking and consumption of intoxicating liquor in premises *not* licensed for the sale of intoxicating liquors by the drink. And that since the body of the act regulates the drinking and consumption of intoxicating liquor in premises *not* so licensed, the act is void because it contains a subject not clearly expressed in the title.

The intent and purpose of the framers of this constitutional provision was to limit the subject matter of a bill to *one general subject* and to afford reasonably definite information to the members of the legislature and the people as to the subject matter dealt with by a bill. Graves v. Purcell et al., 337 Mo. 574, 85 S. W. (2d) 543, 1. c. 547, 548, and cases there cited. See also State v. Wipke et al., 345 Mo. 283, 133 S. W. (2d) 354, 1 c. 358, 359; Edwards v. Business Men's Assur. Co., 350 Mo. 606, 168 S. W. (2d) 82, 1. c. 92 (17), and cases there cited. In the Edwards case it is said [168 S. W. (2d) 1. c. 92]: "The purpose of the constitutional provision, supra, has been stated as follows: 'First, to prevent hodge podge or "log rolling" legislation; second, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles gave no intimation and which might therefore be overlooked and carelessly and unintentionally adopted; and third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered in order that they have opportunity of being heard thereon, by petition or otherwise, if they shall so desire.' . . . 'The purpose of the constitutional provision . . . is that the title shall generally indicate what the act contains, and by the terms "generally indicate" we mean that it shall refer in a comprehensive manner to the subject matter of the enactment; but it need not necessarily refer to subordinate matters connected therewith or reasonably within the purview of the statute.' "
See also State ex rel. Rainwater v. Ross et al., 245 Mo. 36, 149 S. W. 451.

This constitutional provision (Sec. 23, Art. III) is given broad and liberal construction. Thomas et al. v. Buchanan County, 330 Mo. 627, 51 S. W. (2d) 95. The *general subject matter* of the act is the regulation of the drinking and consumption of intoxicating liquor and that subject is clearly expressed in the title. The act is therefore not void under this section. Neither is the act void under subdivision 30 of Sec. 40, Art. III of the Constitution as a local or special law, class legisla-

tion. It applies to all alike who come within its provisions. State v. Kennedy, 343 Mo. 786, 123 S. W. (2d) 118, l. c. 120, 121, and cases there cited.

The judgment of the trial court should be reversed and it is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.