STATE OF MISSOURI, Respondent, v. EDDIE FRAZER, Appellant, No. 42975—248 S. W. (2d) 645.

Division Two, May 12, 1952.

78

*J. Grant Frye* for appellants.

*J. E. Taylor,* Attorney General, and *Hugh P. Williamson,* Assistant Attorney General, for respondent.

██ WESTHUES, C.—Appellant Eddie Frazer was found guilty by a jury in the Circuit Court of Scott County, Missouri, on a charge based on Section 563.160, RSMo 1949, which relates to the molestation of a minor. The jury assessed a punishment of three years' imprisonment in the State Penitentiary. From the judgment entered, the defendant appealed.

The evidence disclosed that the following occurred: On July 30, 1951, Jeanette Lou Armstrong, then 8 years old, was visiting at the home of the Gentry family who lived in the same neighborhood. While she was there, the defendant Frazer, who also lived nearby, came to the Gentry home. When Frazer entered the dining room where Jeanette was sitting at the table, he seated himself next to her. After a short time, Jeanette, Lorraine Gentry, a small child, and the defendant went to the back bedroom where a small baby was in a crib. Jeanette testified that in the bedroom defendant "pushed me down on the bed" and "He ran his hand up my shorts and felt between my legs and on my breast." Her testimony was that while defendant was holding her on the bed, Mr. Gentry came into the room and "He (the defendant) jumped up but he didn't let me go. He set up on the bed. At first he laid down and when Mr. Gentry come in he jumped up." Jeannette further testified that after Gentry passed through the room the defendant gave her a quarter and told her to tell her mother she had found the money; that he admonished her not to tell anyone about the incident. Gentry testified that when he passed through the room, he noticed the defendant and Jeannette on the bed and he corroborated the evidence of Jeannette as to what occurred; that he later reported what he saw to Mrs. Armstrong. Mrs. Armstrong testified that when Jeannette came home, she said she had found a quarter.

The defendant testified that he sat on the bed next to Jeannette; that he gave her a quarter; that he had often given children money. He denied having touched Jeannette in any manner as testified to by her or Mr. Gentry.

██ The defendant in his brief admits that the evidence was sufficient to sustain his conviction. One of the assignments of error is that instruction No. 1 was erroneous. This instruction authorized a conviction if the jury found that "the defendant did willfully, unlawfully and feloniously take indecent or improper liberties with Janet Sue Armstrong, a minor of the age of 8 years by then and there putting his hands upon and about her person and the private parts of her body, * * *." It is defendant's contention that the instruction should have required a finding before authorizing a conviction that defendant's touching the child was "with an intent to take indecent and improper liberties with her." There is no merit to this contention. A finding that the defendant did willfully, unlawfully and feloniously

take indecent or improper liberties with the child was a finding that the acts were done intentionally.

This same contention is made in another assignment of error. Defendant was asked, "On this day did you have any intention of doing anything obscene or in any way to molest this child?" An objection to this question was sustained and defendant says this was error. Defendant denied having touched the child as testified to by the child and witness Gentry. That was the issue before the jury. If appellant did in fact willfully and unlawfully touch the child in the manner shown by the State's evidence, then it was immaterial what defendant's intentions were. The statute and the moral law denote such acts as indecent. That law governs and not what the defendant in this case may deem to have been improper, obscene or indecent conduct. The acts of the defendant constituted the offense of taking indecent and improper liberties with the child. The defendant offered and the court refused an instruction presenting the same question, that is, the question of intention. The instruction was properly refused on the grounds above-stated.

The defendant complains of an instruction on the credibility of witnesses, [647] particularly that portion dealing with falsus in uno, falsus in omnibus. The portion of the instruction reads as follows: "If, upon a consideration of all the evidence, you conclude that any witness has wilfully sworn falsely as to any material matter involved in the trial, you may reject or treat as untrue the whole or any part of such witness' testimony. 'Wilfully,' means intentionally, not accidentally."

The complaint is that this instruction authorized the jury to disregard evidence which the jury believed to be true. No contention is made that the evidence did not justify such an instruction. The case of State v. Whipkey, 358 Mo. 563, 215 S.W. (2d) 492, and others were cited by the defendant. In the Whipkey case the instruction read, "you *should* reject all or any portion of such witness' testimony." (Emphasis ours) The instruction now before us for consideration reads, "you *may* reject or treat as untrue the whole or any part of such witness' testimony." (Emphasis ours) The distinction is apparent and no further comment is necessary. For a discussion on the merits of such instruction see State v. Foster, 355 Mo. 577, 197 S.W. (2d) 313, 1. c. 322-324 (22); also 23 C. J. S. 826, Sec. 1259 and 70 C. J. 783, Sec. 969.

Defendant assigns error to the giving of an instruction on reasonable doubt. He says the instruction "impliedly says that a reasonable doubt should arise out of the evidence whereas it could also well arise out of a lack of evidence." We see no merit in this contention. The instruction charged the jury "that it devolves upon the state to prove, by evidence, to the satisfaction of the jury, beyond a reasonable doubt, that the defendant committed the crime, * * *

and if, upon a view of the whole case, you have a reasonable doubt of defendant's guilt, you will give him the benefit thereof, and acquit him.'' The instruction then went on to say that ''a reasonable doubt * * * must be a substantial doubt * * * formed on a careful consideration of all the facts and circumstances proven in the case and not a mere possibility of the defendant's innocence.'' In our opinion the instruction did not ''whittle away'' the defendant's rights as he contends. State v. Mardino, 268 S. W. 48, l. c. 51 (6-8). Defendant in his brief says, ''The instruction criticized follows the general pattern of such instructions given in many instances and often approved on appeal, but Appellant complains that it limits the principle unduly.'' We cannot agree with the contention made.

The defendant says the trial court should have declared a mistrial as requested during the argument by the State's attorney for alleged prejudicial remarks which tended to inflame the minds of the jury. Declaring a mistrial for such reasons rests largely within the discretion of the trial court. 23 C. J. S. 522, Sec. 1083. We are of the opinion the trial court did not abuse this discretion in this case. For example, during the argument the State's attorney was commenting on the burden of proof required to convict and he said, ''A man has to be proven guilty, and we had to use that little girl— we had to stain her character.'' Defendant's request that a mistrial be declared was refused. The evidence justified the remark made. It certainly was embarrassing to the little girl and to the members of her family to be compelled to give such sordid evidence in a public trial.

We need not review a number of other assignments which in our opinion are of no more serious nature than the one mentioned above and which would not justify the granting of a mistrial. State v. Griffin, 320 Mo. 288, 6 S.W. (2d) 866, l.c. 868 (9, 10) ; 23 C. J. S. 573, Sec. 1102. We find the defendant had a fair trial and that the record is free from prejudicial error.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.