STATE of Missouri, Respondent,

v.

Everett KING, Appellant.

No. 45573.

Supreme Court of Missouri,
Division No. 1.

July 8, 1957.

Rogers & Rogers, G. W. Rogers and Clyde Rogers, Gainesville, for appellant.

John M. Dalton, Atty. Gen., and Richard W. Dahms, Ast. Atty. Gen., for respondent.

DALTON, Judge.

Defendant was convicted of molesting a minor and sentenced to imprisonment in the state penitentiary for a period of two years. Section 563.160 RSMo 1949, V.A.M.S. He

has appealed and, first, assigns error on the court's action in overruling his motion to dismiss on the ground that the statute upon which the prosecution is based is unconstitutional.

The original information contained two counts. The first count charged an attempt to commit the offense commonly referred to as "statutory rape." See Section 559.260 and Section 556.150 RSMo 1949, V.A.M.S. The second count (with the child's name and caption and signature omitted) is as follows: "And the Prosecuting Attorney aforesaid, further informs the court that the said Everett King, on the 13th day of June, 1955, in the County of Ozark and State of Missouri, did then and there unlawfully and feloniously suggest and refer to a certain immoral, lewd, lascivious and indecent act, by then and there exposing his private to one ———, a female child, of the age of ten years, and by then and there suggesting to her that he have sexual intercourse with said child, and by touching her; contrary to the statutes in such cases made and provided and against the peace and dignity of the state." Both counts of the information charged an offense committed by the same person against the same ten year old female child on the same date. The information was filed in the Circuit Court of Ozark County, but the cause went on change of venue to Douglas County, where the trial was conducted.

The motion to dismiss was based on three separate grounds: (1) that the information was an attempt to prosecute defendant for a violation of two separate criminal statutes in one prosecution, since the information charged defendant with two different felonies; (2) that in attempting to charge defendant with the offense of molesting a minor, the information failed to charge any offense under the law of this state; and (3) that the statute, Section 563.160 RSMo 1949, V.A.M.S., is "broader than the title and for that reason is unconstitutional, being in violation of Article 3, Section 23, of the Constitution of Missouri, 1945 * * *." See 42 V.A.M.S. Supreme Court Rule 25.06.

The motion to dismiss was overruled and defendant was arraigned and entered a plea of not guilty to each count of the information. At the close of the state's evidence the state elected to proceed on the second count and the information was amended accordingly. Defendant's motion to dismiss was refiled and again overruled.

The sufficiency of the evidence to sustain the charge submitted to the jury is not questioned. Only a brief statement is required. Defendant was 72 years of age, married and the father of eleven children, all married. The prosecuting witness, a female child ten years of age, resided with her parents on a farm adjoining that of the defendant in Ozark County. It is sufficient to say that the prosecuting witness testified that on June 13, 1955, on her home farm in Ozark County, in the absence of her parents, the defendant met her by a spring branch at a division fence between the farms, and hugged and kissed her, exposed his "personal parts" to her, placed his finger in her "personal parts" and earnestly solicited sexual intercourse with her. She left him and promptly reported the matter to her grandmother. There was also evidence that defendant made admissions to the Sheriff of the County to the effect that he had hugged and kissed the child and solicited sexual intercourse, but she had said "no."

Defendant testified at the trial and denied the charge against him and denied the alleged admissions, but said he had waved at the child and she waved back and he had met and shook hands with her across "a woven wire fence with about three wires on it." He said, "Well, we both stood right agin the fence and she reached up and * * * put her arms around my neck. * * *." He denied any misconduct on his part.

As stated, appellant contends the statute is unconstitutional because the Act is broader than the title. Appellant relies on Article III, Section 23, of the Missouri Constitution 1945, V.A.M.S., as follows: "No bill shall contain more than one subject which shall be clearly expressed in its title, except bills enacted under the third exception in section 37 of this article and general appropriation bills, which may embrace the various subjects and accounts for which moneys are appropriated." And see Article IV, Section 28, Constitution of Missouri 1875, which is the same in substance.

Before applying this constitutional provision to the questioned statute, we may say that, "It is uniformly held that this provision should be liberally construed, that the title need only indicate the general contents of the act, and, if the contents of the act fairly relate to and have a natural connection with the subject expressed in the title, they fall within the title." State ex rel. Garvey v. Buckner, 308 Mo. 390, 272 S.W. 940, 941. "We resolve the doubt, if any, in favor of validity, if the challenged legislation is germane and relates either directly or indirectly to the main subject." State ex rel. Lorantos v. Terte, 324 Mo. 402, 23 S.W.2d 120, 121(1). The burden of proof to establish the unconstitutionality of a statute rests upon the party questioning its constitutionality. Graves v. Purcell, 337 Mo. 574, 85 S.W.2d 543, 549. Every reasonable presumption is made in favor of constitutionality. Varble v. Whitecotton, 354 Mo. 570, 190 S.W.2d 244, 247. A statute will not be held unconstitutional, unless it clearly and undoubtedly contravenes some constitutional provision. Hickey v. Board of Education of City of St. Louis, 363 Mo. 1039, 256 S.W.2d 775, 778.

The statute in question was passed in 1949. Senate Bill 157; Laws of Missouri 1949, p. 249. The title and act are as follows: "An Act making it unlawful for any person to annoy or molest, detain or divert any minor and providing a penalty therefor. Be it enacted by the General Assembly of the State of Missouri, as follows: Any person who in the presence of any minor, shall indulge in any degrading, lewd, immoral or vicious habits or practices; or who shall take indecent or improper liberties with such minor; or who shall publicly expose his or her person to such minor in

an obscene or indecent manner; or who shall by language, sign or touching such minor, suggest or refer to any immoral, lewd, lascivious or indecent act, or who shall detain or divert such minor with intent to perpetrate any of the aforesaid acts, shall be considered as annoying or molesting said minor and shall upon conviction be punished * * *."

Appellant says the Act prohibits five distinct sets of circumstances. Appellant reviews the several provisions of the Act and then argues that "*all* of these acts or set of circumstances are not embraced within the title and for that reason the Act is unconstitutional." (Italics ours.) Appellant's argument proceeds as follows: "The title to the Act makes it unlawful for any person to annoy or molest, detain or divert any minor, and providing a penalty therefor. The common ordinary meaning of annoy and molest means to incommode, harm, injure, interfere with or meddle with unwarrantably so as to injure or disturb. The synonyms are bother, pester or tease. This indicates that the Act prohibits any person in the presence of any minor doing anything which would injure or harm, bother, pester or tease said minor. In other words, one would believe from reading the title to the Act *that acts injuring the minor* are the things prohibited thereby." (Italics ours.)

While appellant says that *all* of "five distinct sets of circumstances prohibited by the Act are not embraced within the title," no reference is made to any act or circumstance not included. Appellant also says "the law includes many things not included in the title to the Act," but again nothing is specified. Appellant's final argument on this point is that "it is apparent that the Legislature intended to prohibit violations of sexual relations and practices with minors," but didn't do so, since "the Act provides that any person who shall indulge in any degrading or vicious habits or practices in the presence of a minor shall be punished." In this manner appellant arrives at the conclusion that the Act is broader than the title. We think appellant's own argument tends to show the title is broader than the act.

The purpose of the constitutional provision, supra, has been stated as follows: "First, to prevent hodge podge or 'log rolling' legislation; second, to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles gave no intimation and which might therefore be overlooked and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered in order that they have opportunity of being heard thereon, by petition or otherwise, if they shall so desire." See State ex rel. United Railways Co. v. Wiethaupt, 231 Mo. 449, 459, 133 S.W. 329, 331; Southard v. Short, 320 Mo. 932, 8 S.W.2d 903, 905.

In the case of Edwards v. Business Men's Assur. Co., 350 Mo. 666, 168 S.W.2d 82, 93, after reviewing Missouri authorities at some length, the court said "The constitutional provision simply requires that the title shall give information of the general subject of the act. While it may be so general in its terms as to omit matters germane to the principal features of the statute, if it sufficiently indicates the substantial purpose of the law, it will not be violative of the Constitution."

In the case of State v. Sloan, 258 Mo. 305, 313, 167 S.W. 500, 501, the court said: "The purpose of a title is to serve as a clear and comprehensive indicator of the purport of the act."

In Graff v. Priest, 356 Mo. 401, 201 S.W.2d 945, 952, the court said: "The intent and purpose of the framers of this constitutional provision was to limit the subject matter of a bill to one general subject and to afford reasonably definite information to the members of the legislature and the people as to the subject matter dealt with by a bill." And see State ex rel. Reorganized School Dist. No. 4 of Jackson

County v. Holmes, 360 Mo. 904, 231 S.W.2d 185, 188; State on Information of Dalton v. Land Clearance for Redevelopment Authority of Kansas City, 364 Mo. 974, 270 S.W.2d 44, 54.

The title to the Act in question is general and not specific. The title is more all-inclusive than the Act itself. The purpose of the Act is apparent from the title. The Act deals with one general subject matter and has one purpose, the protection of minors against annoyance, molestation, detention and diversion by the specific acts and conduct mentioned in the Act. The Act itself is more limited than the title since the provisions of the Act protect only against the specified acts, conduct and occurrences "in the presence of" the minor. A further limitation is imposed in that only the specific matters mentioned are included and punishable as constituting annoyance and molestation, and the Act expressly provides that said acts or conduct, as mentioned, "shall be considered as annoying or molesting said minor."

The title includes the words, annoy, molest, detain and divert. These words have been defined as follows: "Annoy: To weary or trouble; to irk; to offend. To disturb or irritate, esp. by continued or repeated acts; to tease; to ruffle in mind; to vex * * *. To molest: incommode; harm; injure. Molest: To interfere with or meddle with unwarrantably so as to injure or disturb. Detain: To restrain, esp. from proceeding; to stay or stop; to delay; to hold back; to keep suppressed or engaged. Divert: Turn aside from or to turn off from any course or intended application; to deflect." See Webster's New International Dictionary, Second Edition.

██ We hold that the title is broader than the Act and, particularly, that it is broad enough and does include the offense charged against appellant. The case of State v. Persinger, 76 Mo. 346, relied upon by appellant is not applicable here. The Act is not unconstitutional on the ground assigned, since the provisions of the Act

are sufficiently indicated by and are within the title of the Act.

Appellant further contends that his motion to dismiss should have been sustained because the Act is so vague and indefinite that it cannot be ascertained and understood just what act or acts are intended to be prohibited. Appellant says that "the vague, indefinite and uncertain meaning of the statute renders it unconstitutional and void." No constitutional provision or other authorities are cited other than Section 23, Article III, supra, which has no application.

██ Appellant says "the Act provides that any person who shall indulge in any degrading or vicious habits or practices in the presence of a minor shall be punished" and he then asks, if the Act also applies to degrading and immoral acts and vicious habits and practices *other than those connected with sex*. Appellant reviews certain provisions of the statute, without any reference to the words "annoying or molesting" and wants to know if the statute prohibits "proper instructions regarding sexual behavior." Appellant says that, if his numerous questions are answered in the affirmative, the Act is unreasonable and preposterous. Appellant also argues that, because certain acts prohibited by this statute were prohibited by prior statutes, the legislative intent is uncertain and the statute invalid. We find no merit in these contentions. "Mere difficulty in ascertaining the meaning of a statute or the fact that it is susceptible of different interpretations will not render the statute nugatory, since courts are under duty to endeavor, by every rule of construction, to ascertain the meaning of, and to give full force and effect to every legislative enactment not within constitutional prohibitions." Diemer v. Weiss, 343 Mo. 626, 122 S.W.2d 922. "Legislation cannot be nullified on the ground of uncertainty, if it is susceptible of any reasonable construction that will support it." Diemer v. Weiss, supra. The fact that substantially the same conduct may consti-

tute an offense under some other statute does not make this statute invalid.

This statute was previously considered by this court in the case of State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 767, 769, and the court said: "It is, of course, true that the defendant in a criminal cause has a constitutional right to demand the nature and cause of the accusation against him, and a criminal statute must be sufficiently clear that there can be no doubt as to when such statute is being violated. But we think the statute in question is sufficiently clear and definite in its terms and prohibition. * * * This special statute was enacted for the quite plain purpose of protecting minors as a class from any depraved older person who might be inclined to take advantage of and mistreat minors by subjecting them to certain prohibited degrading sexual practices and situations which, if unchecked, inevitably lead children and youth into moral bankruptcy. * * * Under these circumstances the two misdemeanor offenses of lewd conduct and common assault do not merge into an offense under the instant statute. It is our conclusion that under these circumstances in a prosecution under this section, defendant is either guilty as charged or he is guilty of no offense at all. And we rule that the trial court did not err in failing to instruct on lewd and lascivious conduct, or upon common assault."

In State v. Randall, Mo.Sup., 248 S.W.2d 860, 863(6), involving a prosecution under this Act, the court said: "This first prohibition of the statute is general while the other four prohibitions which follow it describe specific acts. It will be noted that the instruction did not submit this first general prohibition as a ground for finding defendant guilty but submitted the other four specific acts as being within this general prohibition of 'degrading, lewd, immoral and vicious habits or practices.' The specific acts submitted could be practices whether habits or not. * * * Considering it as a whole, we think it clear that the offense created by this statute is the offense of child molestation and that proof of commission on a single occasion of any one of the specific acts described therein is sufficient to prove that offense. Here the jury was required to find all four of them."

Appellant here makes no complaint against the information. We shall examine the form and substance thereof to determine its sufficiency to charge an offense. Supreme Court Rule 28.02. As stated, omitting the child's name, the information charged that, at the time and place mentioned, the defendant "did then and there unlawfully and feloniously suggest and refer to a certain immoral, lewd, lascivious and indecent act, by then and there exposing his private to one ———, a female child, of the age of ten years, and by then and there suggesting to her that he have sexual intercourse with said child and by touching her * * *." While the information does not in express words allege the acts were committed in the presence of the child, yet that fact clearly appears from the facts stated. The information in express words does not charge that defendant unlawfully and feloniously did annoy and molest the child by the acts stated, still the facts which are clearly stated bring the acts charged within the express provisions of the statute. The acts stated in the information include the exposure of defendant's privates to the female child and the solicitation of sexual intercourse with her and the touching of her. By the terms of the statute the facts alleged constituted "annoying or molesting" a minor and the information charged that defendant did "unlawfully and feloniously suggest and refer to a certain immoral, lewd, lascivious and indecent act" by doing the specified acts within the terms of the statute. The charge was definite and certain and defendant was fully advised of the charge against him. The information was sufficient in form and substance and stated an offense under the mentioned statute. State v. Kornegger, supra; State v. Randall, supra; State v. Daegele, Mo., 302 S.W.2d 20. It is immaterial that no specific criminal intent

was charged, since the acts were alleged to have been unlawfully and feloniously done. State v. Frazer, 363 Mo. 77, 248 S.W.2d 645, 646(2).

The only other assignment is that the court erred in refusing to require the state to elect upon which charge it would proceed, prior to the taking of any testimony. Appellant admits that "the evidence against the defendant, taken in its strongest light, if believed, did not prove the defendant guilty of an assault with intent to rape," but appellant says the fact of this charge being before the jury during the first part of the trial tended to inflame the minds of the jurors against him and was highly prejudicial.

■ The matter of the information containing two counts, one for assault upon a female child ten years of age with intent to rape and the other for molesting a minor, each for a different felony, was only presented by motion to dismiss. No motion in express terms to require the state to elect on which count of the information it would proceed was presented prior to the close of the state's case, at which time the state made its election to proceed on the second count. However, the state was not required to elect between the counts prior to that time, because both counts were against the same defendant and involved only the occurrences at one time and place and were with reference to defendant's conduct toward the same child. No abuse of the court's discretion in failing to require an earlier election appears. See State v. Daubert, 42 Mo. 242, 244; State v. Grove, Mo. Sup., 204 S.W.2d 757, 760. "It is a rule of practice, well established in both civil and criminal cases, that, where the same transaction is stated in different counts, no election can be required before the introduction of the evidence." State v. Duvenick, 237 Mo. 185, 192, 140 S.W. 897, 898; State v. Sharpless, 212 Mo. 176, 203, 111 S.W. 69; State v. Whitman, Mo.Sup., 248 S.W. 937, 938(11). The assignment is overruled.

The information was sufficient as stated, and the verdict responsive. The punishment fixed was within the limits provided by statute. Allocution was afforded and the judgment and sentence were duly entered and pronounced.

The judgment is affirmed.
All concur.