STATE of Missouri, Respondent,

v.

Wayne JOHNSON, Appellant.

No. KCD 28515.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

John L. Port, Moberly, for appellant.

Thomas J. Marshall, Pros. Atty., Randolph County, Moberly, for respondent.

Before SWOFFORD, P. J., and DIXON and PRITCHARD, JJ.

SWOFFORD, Presiding Judge.

On August 5, 1975, the appellant was interrogated at his place of employment by the Sheriff of Randolph County, Missouri and one of his deputies about a burglary which had occurred at a nearby farm. He was then arrested for investigation, without a warrant, and taken to the Randolph County Courthouse where he was again questioned by the Sheriff and by the Prosecuting Attorney.

At the time of his arrest, no formal charges had been filed against him, but

within less than an hour after his arrival at the courthouse, he was taken before a magistrate, without counsel, on a charge of conspiracy to steal. He pleaded guilty to the charge and the court accepted the plea, granted allocution and imposed a 30-day sentence in the county jail, and placed him on parole for six months, on condition that he pay all costs, violate no laws and report monthly to the Sheriff.

The appellant then returned to his place of employment as a security guard at the Missouri Training Center for Men at Moberly and was given his choice of resigning his position or being fired. He refused to resign and was fired.

On August 7, 1975, the appellant filed in the Magistrate Court a motion to withdraw his plea of guilty pursuant to Rule 27.25, Rules of Criminal Procedure, wherein he set forth (here summarized) that he was not guilty of the crime charged but had entered such plea upon the misrepresentations of the Prosecuting Attorney and the Sheriff of Randolph County; that he was not afforded time to consult with counsel or his family; that his decision was not an informed one; that he had been discharged from his job because of the guilty plea; and, that justice required that he be permitted to withdraw the plea. The basis of appellant's complaint as to the alleged misrepresentations made by the Sheriff and Prosecuting Attorney was that they led him to believe that if he pled guilty and was placed on parole, he would not lose his job.

On August 29, 1975, the Magistrate denied appellant's motion to withdraw his guilty plea. The appellant appealed to the Circuit Court of Randolph County where a full evidentiary hearing on his motion was held on November 21, 1975. On December 3, 1975, the Circuit Court denied the appellant's Rule 27.25 motion and thereafter appellant perfected his appeal to this court.

Appellant raises three points, which may be summarized as follows: *First,* that the trial court's finding that his plea of guilty before the Magistrate was voluntarily made was clearly erroneous; *second,* that the trial court's conclusion that the appellant was arraigned by the Magistrate and advised of his rights was clearly erroneous; and, *third,* that the Magistrate lacked jurisdiction because the information under which he was charged did not state an offense against the State of Missouri.

■ Appellant's third point is treated and ruled at the outset as its resolution is dispositive of the issues raised in this appeal. It is noted that this jurisdictional point was not raised nor was it preserved in the court below. Regardless of that fact, it will be considered and ruled here under Rule 28.02, Rules of Criminal Procedure, which provides, in part:

" * * * Allegations of error respecting the sufficiency of the information or indictment * * * shall be considered upon an appeal although not raised in the trial court or preserved for review." *State v. Couch,* 523 S.W.2d 612 (Mo.App. 1975); *State v. Vandergriff,* 403 S.W.2d 579 (Mo.1966).

The information of concern in this appeal reads as follows:

"MISDEMEANOR INFORMATION

THOMAS J. MARSHALL, Prosecuting Attorney in and for the County of Randolph, on behalf of the State of Missouri, upon official oath informs the Court as follows:

That WAYNE JOHNSON, in the County of Randolph, State of Missouri, did then and there wilfully and unlawfully, on or about the 1st day of August, 1975, *conspire* with four other persons, to-wit: Raymond Lee Whelchel, James N. Baker, Dennis R. Baker, and David Baker, to *commit a misdemeanor,* to-wit: stealing from Howard Fleming, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State of Missouri.

/S/ Thomas J. Marshall
Prosecuting Attorney

Filed Aug. 5, 1975"
(Emphasis supplied)

■ The pertinent statutes, RSMo 1969 Pocket Part (amended in 1973), governing the problems here presented, read in part, as follows:

"Section 556.120. *Illegal conspiracy, combination or confederacy prohibited, penalty.*

1. If two or more persons agree, conspire, combine or confederate to commit a misdemeanor or felony \* \* \* they are each guilty of a misdemeanor and, upon conviction, shall be punished as provided by law.

\* \* \* \* \* \*

Section 556.130. *Overt act required to constitute conspiracy.*

1. No agreement shall be deemed a conspiracy, unless some overt act besides such agreement be done to effect the object thereof, by one or more of the parties to such agreement.
\* \* \* "

Under Chapter 546, Trials (Criminal Cases), is the following:

"Section 546.320. *Conspiracy.*

In trials for conspiracy, in those cases where an overt act is required by law to consummate the offense, *no conviction shall be had, unless one or more overt acts be expressly alleged in the indictment* and proved on the trial; \* \* \* " (Emphasis supplied)

All of these statutes must be read and construed together in connection with any charge of conspiracy. *State v. Montgomery,* 116 S.W.2d 72, 73–74[2] (Mo.1938).

■ Judged against the requirements of these three statutes, the information above set forth must be considered fatally defective because no overt act is alleged to have been committed either by appellant or his co-conspirators in furtherance of the alleged conspiracy.

■ An "overt act" is something apart from the conspiracy and has been defined as an act which must accompany or follow the agreement and must be done in furtherance of and designed to carry out the purposes of the conspiracy. *State v. Stupp Bros. Bridge & Iron Co.,* 380 S.W.2d 382, 394[4] (Mo. banc 1964). The information before this court contains no declaration or charge of any overt act and thus fails to charge a crime under the statutes above

quoted and contains no wording which, even by inference, meets the definitional standard of *State v. Stupp,* supra.

■ An information or indictment is jurisdictional in the sense that if it fails to charge a crime the court acquires no jurisdiction to proceed, and whatever transpires after its filing is a nullity. *State v. Hasler,* 449 S.W.2d 881, 884[3] (Mo.App.1969). The sufficiency of an indictment may be attacked at any time during trial or on appeal, after a guilty plea or in a collateral attack under Rule 27.26, *State v. Hasler,* supra, at 884[4].

The judgment of the court below is reversed, the judgment and sentence of the Magistrate Court are set aside and for naught held, and the appellant is ordered discharged.

All concur.