STATE of Missouri, Respondent,

v.

Ricky Allen WARD, Appellant.

No. 41729.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 3, 1980.

Thomas J. Briegel, Union, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, David Tobben, Union, for respondent.

CLEMENS, Senior Judge.

Defendant Ricky Ward was found guilty of attempted armed robbery and sentenced to six years imprisonment. On appeal he challenges the sufficiency of the evidence. Both at trial and on appeal defendant was diligently represented by court-appointed counsel.

The state's evidence came from Gary Goings owner and driver of the getaway car, and intended victim Barry Rickell, a motel operator. Goings testified he and defendant discussed robbing a motel and after "casing" several decided on Rickell's. They then joined Wayne Martin who furnished shotguns and shells for himself and defendant, who bought nylon stockings for masks. The three men then went to Rickell's motel. Goings waited in his getaway car while defendant and Martin, armed and masked, went to the motel entrance; moments later they ran back and drove off.

Mr. Rickell testified he was inside the motel lobby when he heard a rattling at the hard-to-open outer door and saw defendant pointing a gun at him; as Mr. Rickell ran from the lobby he shouted loudly "don't" and "take the money". He quickly returned armed with a shotgun but by then the getaway car was driving off. Mr. Rickell's identification of defendant was positive but questionable because of his momentary view; the identification was fortified by Goings' testimony of co-participation, and by defendant's own testimony he was on the motel porch but left because "I changed my mind".

On appeal defendant challenges his conviction for attempted robbery by arguing that his acts were merely preparation to rob. He specifically argues the evidence failed to show both "an intent to commit the crime" and "overt acts toward its commission".

Defendant's intent to rob was shown by Goings' testimony as to his and Martin's words and actions, and defendant virtually conceded this by his statement "I changed my mind." "Since intent is a state of mind it is rarely susceptible of direct proof and must ordinarily be inferred from surrounding facts." *State v. Holliday*, 546 S.W.2d 38[2–4] (Mo.App.1976). We deny defendant's challenge to the element of intent.

Next, we consider defendant's contention there were no overt acts going beyond preparation to rob. An overt criminal act is one going beyond mere preparation and done after and in furtherance of a prior plan to commit a crime. Compare *State v. Johnson*, 548 S.W.2d 245[4] (Mo. App.1977). We agree with the trial court's conclusion that overt acts were shown by "defendant's act of going up to the door of the motel office, masked, with shotgun in hand, and a getaway car waiting".

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.