STATE of Missouri, Respondent,

v.

Jack Noble TANDY, Appellant.

No. 51477.

Supreme Court of Missouri, Division No. 2.

March 14, 1966.

Motion for Rehearing or for Transfer to Court En Banc Denied April 11, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, James P. Jouras, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

STORCKMAN, Judge.

This is an appeal from a conviction of molesting a minor. Section 563.160, RSMo 1959, V.A.M.S. At a hearing out of the presence of the jury, the court found the defendant had been previously convicted of a felony and the punishment was assessed pursuant to the Habitual Criminal Act. Section 556.280. The defendant's motion for a new trial was overruled and the court sentenced him to five years' imprisonment. The prosecuting attorney filed a petition charging the defendant with being a sexual psychopath within the meaning and purview of §§ 202.700 to 202.770, but the report of the physicians appointed to examine the defendant did not substantiate the charge and the petition was overruled. Since none of the assignments of error relate to this charge, it need not be noticed further.

The defendant, age 63, did not testify or offer any evidence in his behalf. The state's evidence tends to prove that on August 14, 1964, in the afternoon, the prosecutrix, a girl, age 9, to whom we shall refer as Christine, with her sister, age 6, and her brother, age 4, were playing on the sidewalk in front of their home when an automobile stopped at the curb. The man who was driving was not then known to the children but was later identified as the defendant. He opened the door on the curb side and the brother went over to the car. Christine called to him to come back and when he refused to do so she and her sister went after him. The defendant asked them to get in the automobile and said he would take them around the corner and get them some candy. Christine replied that her mother did not allow her to go with strangers, but the defendant pulled the girls into the car. The brother tried to get in the car but the defendant said he just wanted the girls.

The sister sat in the middle of the front seat and Christine on the right or outside. Both girls were wearing shorts with a shirt and an undergarment.

Christine testified that the defendant "started playing around with us between the legs" while they were seated in the car; that he "reached up underneath" the legs of their shorts and under her panties; that when he did so the defendant "put his hand where you go to the bathroom" that, at the defendant's suggestion, the sister stood up to see some trinkets he had in the car and he put his hand under the sister's shorts a second time. The defendant offered Christine a silver dollar; she was scared and broke away and ran into the house followed by her sister and brother. Christine further testified that while she was in the automobile she noticed that the defendant's breath smelled bad and added: "My grandpa, he drinks all the time, and I know the smell"; also the defendant was "kind of fumbling around". Neither of the girls were injured nor were their clothes torn or damaged.

When Christine ran into the house and told her mother what happened, the mother went out front in time to see the rear of defendant's car as it was driven away. A brother of the mother came by and accompanied by the girls toured the neighborhood but could not find the defendant's automobile. A short time after they got back, the defendant came by again and stopped on the opposite side of the street. Christine pointed out the car and when it moved on, the brother followed, caught up with the car, got the license number and talked to the defendant who said he did not know anything about the charge and that somebody was mistaken. The defendant appeared to have been drinking. The police took the defendant into custody later that night. The next day Christine picked him out from a line-up of four men at the police station. She identified him again at the trial. To the extent necessary, additional evidence will be discussed in connection with the points raised.

**412**

The defendant's first contention is that the trial court erred in failing to indicate prior to the expiration of the time allowed for filing the motion for new trial what sentence the court intended to impose. The ground stated in the motion for new trial was that: "The Court erred in failing to indicate what sentence would be imposed by the Court." After the motion for new trial was overruled, the court announced that the punishment was fixed at five years' imprisonment. The court then granted allocution and the defendant having nothing to say and not showing legal cause why sentence should not be imposed, the court proceeded with the formal sentencing.

In support of this contention, the defendant relies on State v. Grant, Mo., 380 S.W. 2d 799, and State v. Rizor, 353 Mo. 368, 182 S.W.2d 525. In the Rizor case, the punishment was fixed by a jury and in response to a claim that the punishment was excessive this court on appeal held that relief on the ground of excessiveness was generally sought in the motion for new trial. Both Grant and Rizor were considered at length in the recent case of State v. Watson, Mo., 400 S.W.2d 129 (decided February 14, 1966), a case under the Habitual Criminal Act wherein the trial court did not indicate the sentence to be imposed prior to the expiration of the time for filing the motion for new trial; the defendant on appeal contended that he was thereby deprived of the opportunity to question the validity or the excessiveness of the sentence in his motion for new trial. The Watson opinion states that: "The Grant case holds that it was proper to indicate to the parties at that time what the punishment would be, but it does not hold it would be prejudicial error to fail to do so before the motion for new trial was filed." The Watson case held the sentence was not excessive, that prejudicial error was not shown and affirmed the judgment.

In the case at bar there is no claim that the sentence was excessive or that prejudice resulted because of failure to indicate sooner the sentence intended. The court did indicate the intended sentence prior to allocution and the defendant at that time had an opportunity to state any objections he had. On November 20, 1957, the defendant entered a plea of guilty to a charge of molesting a minor and was sentenced to a three-year term of imprisonment. This is the prior conviction on which the Habitual Criminal Act was invoked. Our examination of the record discloses no showing of prejudice. The claim of error is denied.

Next the defendant contends that the amended information was insufficient and did not adequately notify the defendant of the charge against him. The amended information charges that the defendant "on the 14th day of August, 1964, * * *, did then and there unlawfully and feloniously molest and annoy a minor child, to-wit: Christine * * * of the age of Nine (9) years by then and there touching said minor in a lewd and lascivious manner and by taking indecent and improper liberties with said minor; * * *." Section 563.160 sets out five kinds or categories of acts or conduct which shall constitute annoying or molesting a minor. The information is based on two of these kinds of prohibited behavior. One of these specified in the statute is any person who shall "by language, sign or touching such minor, suggest or refer to any immoral, lewd, lascivious or indecent act"; the other is taking "indecent or improper liberties with such minor". To sustain this contention, the defendant cites the cases of Dameron v. State, 8 Mo. 494, State v. Jackson, Mo., 369 S.W.2d 199, State v. Maher, 232 Mo.App. 998, 124 S.W.2d 679, and State v. Daegele, Mo., 302 S.W.2d 20. These decisions have been considered, but they are not controlling or persuasive of the point in question.

The defendant in a criminal case has a right to demand the nature and cause of the accusation, and the indictment or information must be sufficiently definite to enable him to prepare his defense

and to constitute a bar to further prosecution for the same offense. Art. 1, § 18(a), Constitution of Missouri 1945, V.A.M.S. As a general rule, however, it is sufficient to frame the indictment or information in the language of the statute. In this case the information begins with the statement of the ultimate fact that the defendant did unlawfully and feloniously molest and annoy a minor child. The specifications that follow are that he did so by touching said minor in a lewd and lascivious manner and by taking indecent and improper liberties with her. These allegations follow the language of the statute and are sufficient to satisfy constitutional requirements. State v. Kornegger, 363 Mo. 968, 255 S.W. 2d 765, 767 [1–5]; State v. King, Mo., 303 S.W.2d 930, 935 [7]; State v. Randall, Mo., 248 S.W.2d 860, 863 [4]. The assignment of error is denied.

During the state's case the prosecuting attorney called the younger sister, then age 7, and without having her sworn asked her name and age. The prosecuting attorney then informed defense counsel that he might inquire or have her sworn. Defendant's counsel inquired if the prosecuting attorney was through and being informed in the affirmative he thanked the sister and she was excused. No objection was made at the time to this procedure but the defendant contends that he was prejudiced by being placed in a very "compromising position" by what he apparently considers to be an insincere show of fairness by the state. He relies upon State v. Cox, Mo., 263 S.W. 215, in which the prosecuting attorney in a statutory rape case stationed in the courtroom a woman with whom the defendant had had improper sexual relations and dramatically called upon her during cross-examination of the defendant to give incompetent testimony to contradict an answer of the defendant by which the state was bound. The situation in the Cox case is quite unlike that in the case at bar.

The apparent purpose of calling and interrogating the younger sister was to demonstrate that she was an incompetent witness under § 491.060(2) which provides that a child under ten years of age who appears incapable of receiving just impressions of the facts respecting which she is to be examined or of relating them truly is incompetent to testify. The trial court has a duty in each case to determine whether a child under ten is competent before permitting the child to testify. State v. Groves, Mo., 295 S.W.2d 169, 172 [3]; Benjamin v. Benjamin, Mo.App., 370 S.W. 2d 639, 642 [7]; State v. Cox, Mo., 352 S.W.2d 665, 672 [18]; 58 Am.Jur., Witnesses § 134, p. 101. See also Beil v. Gaertner, 355 Mo. 617, 197 S.W.2d 611, 616 [6]. Therefore, there was nothing inherently wrong in producing the younger sister before the court, but the better practice especially in a criminal case is for the examination on voir dire to determine the competency of the child to be made out of the jury's presence. State v. Groves, Mo., 295 S.W.2d 169, 171, 173; State v. Tillett, Mo., 233 S.W.2d 690, 693 [11]; State v. Turner, Mo., 274 S.W. 35, 36; Pollard v. Decker, Mo.App., 354 S.W.2d 308, 314 [3]. In this case there is no ruling of the trial court to review since no objection was made at the time. Moreover, prejudice has not been demonstrated and none is suggested by our examination of the record. The sister had been mentioned prominently in previous testimony and producing her to forestall comment by either side for failure to offer her as a witness cannot be said in these circumstances to be prejudicially erroneous.

The defendant next claims that the court erred in giving instruction No. 5, the verdict-directing instruction, because it did not require a finding that the acts were done intentionally. State v. Harris, Mo., 313 S.W.2d 664, cited by the defendant, involved a charge of receiving stolen property with intent to defraud and is not applicable here. State v. Mathews, Mo., 328 S.W.2d 642, involved the sufficiency of the evidence in a molestation case and does not support the claim that a specific finding of intent is necessary in an instruction.

A specific finding of intention is unnecessary in a molestation case where the verdict-directing instruction requires a finding that the defendant did unlawfully and feloniously molest and annoy the minor child by touching the child in a lewd and lascivious manner and by taking indecent and improper liberties with such minor child. State v. King, Mo., 303 S.W.2d 930, 935–936 [8]; State v. Frazer, 363 Mo. 77, 248 S.W.2d 645, 646 [1]. The instruction was not erroneous on the ground alleged.

Next the defendant charges that instruction No. 5 was erroneous in that it gave the jury a roving commission to find what were indecent and improper liberties. State v. Jackson, Mo., 369 S.W.2d 199, tested the sufficiency of an indictment which charged an attempt "to feloniously and burglariously break into" a dwelling with the intent to molest a minor *"by taking improper liberties* with said minor", and the failure of the court to instruct the jury as to the meaning of *"improper liberties"* as used in the main instruction. 369 S.W. 2d 200. In reversing and remanding the judgment, the court distinguished cases which used the term *"indecent and* improper liberties" and additional terms. See 369 S.W.2d 203–204. The instruction did not constitute a roving commission in view of the additional adjectives and identifying terms used in instruction No. 5 as noted above.

The defendant's final contention is that he was prejudiced by the state calling as a witness the judge of the magistrate court and having him identify records of the preliminary hearing. The witness testified that the records of the preliminary hearing which he had with him consisted of a copy of the criminal transcript and the notes which the judge took at the time of the hearing; he testified further that magistrate courts do not have reporters. On cross-examination defendant's counsel established that the notes were not a complete record in that they were not a verbatim report of the evidence and that defendant's counsel was present representing the defendant at the preliminary hearing. The witness was then excused without any objection having been made. Although the records were identified, they were not offered in evidence by either party. The defendant cites cases concerning the circumstances under which evidence and records of a preliminary hearing are admissible. We do not regard these cases as determinative of the contention.

The defendant's counsel during cross-examination of the prosecuting witness brought up the subject of her testimony at the preliminary hearing and in several instances sought to compare her testimony given at the trial with that previously given. There is nothing to indicate that the prosecutor was not acting in good faith in identifying the records so that they might be equally available to the state and the defendant and offered if the need arose. The record is devoid of any showing of prejudice by reason of the appearance of the magistrate and his identification of the records. The defendant is in no position to complain since he made no objection at the time and actively participated by cross-examining the witness to establish the precise nature of the records.

We have considered all questions presented by the defendant and find them to be without merit. We have also examined the parts of the record and entries designated in S.Ct.Rules 28.02 and 28.08, V.A. M.R., and find them to be in proper form and free from error.

Accordingly the judgment is affirmed.

All of the Judges concur.