**STATE of Missouri, Respondent,**

**v.**

**Eugene SULLIVAN, Appellant.**

**No. 54432.**

Supreme Court of Missouri,
Division No. 1.

June 8, 1970.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel, Clampett, Ellis, Rittershouse & Dalton, Paul D. Rittershouse, Springfield, for appellant.

HOUSER, Commissioner.

Eugene Sullivan, convicted by a jury of molesting a minor with immoral intent and

sentenced to four years in the custody of the department of corrections, has appealed.

The amended information, drawn under § 563.160, RSMo 1959,[1] attempted to charge a violation of the italicized category of the several acts or conduct interdicted by the section as constituting annoying or molesting a minor. The charging portion stated that "on or about the fourteenth day of June, 1968, in the County of Greene and State of Missouri, Eugene Sullivan did then and there willfully, unlawfully and feloniously by language, sign or touching, suggest or refer to an immoral, lewd, lascivious or indecent act, in the presence of [name of prosecutrix], a minor of the age of twelve (12) years, contrary to the form of the statute * * *."

The State's case: Prosecutrix, age 12 years, went to Grant Beach Park in Springfield, where she swam in the pool until closing time. While waiting for her mother to come and get her, and while still dressed in her swimming suit, she sat down on the ground in the sun. Defendant, whom she did not know and had never seen before, appeared and sat down close to her. He asked her to go get a Coke but she refused. Then he offered her some money. He wanted her to go get something to drink. She would not go. He asked her to get into his station wagon with him. He offered her "about five dollars" to go with him. Then he offered her ten dollars. She continued to say "No." Then he asked her if she had any sex organs. She attempted to stand up but he grabbed her left arm and pulled her back down. She tried to get up

two or three times. Then defendant left the girl on the ground and went to his station wagon, parked nearby. Prosecutrix retreated to the concession stand to hide. From there she watched defendant get in his station wagon and drive away. He reappeared, and drove by twice "lookin' all around." The girl copied down the license number and had another girl call the police, who appeared in a very short time. She described the man and the station wagon to the police and gave them the license number. She was taken to the sheriff's office where she looked through about 75 "mug shots" and identified a picture of defendant as the man in the park. Defendant, apprehended later that day, was identified in person by the prosecuting witness at the sheriff's office. When the police car pulled into the driveway of the apartment where defendant lived the latter was sitting in a chair in the back yard. Defendant got up and ran around back of the house and the officer "hollered" at him a couple of times to wait a minute. Defendant continued to run until the officer got hold of him by the shirt and arm and placed him under arrest.

Instruction No. 1 submitted the case to the jury in exactly the same language as that used in the amended information, supra.

Defendant claims that the amended information failed to allege any crime; failed to apprise defendant of the nature and cause of the accusation, and was not sufficiently definite to enable him to prepare his defense. Specifically, defendant argues that an information under § 563.160 must set forth all constituent facts and circum-

1. "563.160. Molesting minor with immoral intent.—Any person who in the presence of any minor, shall indulge in any degrading, lewd, immoral or vicious habits or practices; or who shall take indecent or improper liberties with such minor; or who shall publicly expose his or her person to such minor in an obscene or indecent manner; *or who shall by language, sign or touching such minor, suggest or refer to any immoral, lewd, lascivious or indecent act,* or who shall

detain or divert such minor with intent to perpetrate any of the aforesaid acts, shall be considered as annoying or molesting said minor and shall upon conviction be punished by imprisonment in the penitentiary for a period not exceeding five years, or be punished by imprisonment in the county jail for a period not exceeding one year, or be fined in a sum not to exceed five hundred dollars or by both such fine and imprisonment." (Italics ours.)

stances necessary to bring the accused perfectly within the statutory provision but that the information omits two words of utmost importance in its failure to allege that defendant touched "such minor."

It is sufficient to frame the indictment or information under § 563.160 in the language of the statute. State v. Tandy, Mo.Sup., 401 S.W.2d 409, 413. An information under § 563.160 which commences with the statement of the ultimate fact that defendant did unlawfully and feloniously annoy and molest a minor child, followed by a specification that he did so by any one or more of the five kinds or categories of acts or conduct therein proscribed, couched in the language of the statute, is sufficient to satisfy the right of the accused in a criminal prosecution to demand the nature and cause of the accusation, Art. 1, § 18(a), Constitution of Missouri, 1945, V.A.M.S., and is sufficiently definite to enable him to prepare his defense and to constitute a bar to further prosecution for the same offense. Tandy, supra. An information, however, need not follow the language of the statute verbatim. It is sufficient if substantially in the language of the statute. State v. Bridges, Mo. Sup., 398 S.W.2d 1; State v. Meller, Mo. Sup., 387 S.W.2d 515. While the amended information before us does not allege the ultimate fact (that defendant did annoy and molest the minor child) as did the information in Tandy, supra, and omits the words "such minor" after the word "touching," and to this extent is defective in form, the charge laid is substantially in the language of the statute and the information is subject to correction by amendment.

Defendant's second point—that the State's evidence was insufficient to support the conviction—must be sustained. The difficulty is that the evidence does not fit the category of § 563.160 chosen by the assistant prosecuting attorney. A submissible case under that category requires proof that defendant suggested or referred to some specific immoral, lewd, lascivious

or indecent act. No suggestion or reference by defendant to any particular act may be gleaned, directly or by implication, from the evidence in this transcript. The totality of the State's evidence would authorize an inference that defendant had in mind some sex-oriented purpose involving this child, but what act he had in mind, what sex experience he was leading up to, what particular way in which he was intending to gratify an erotic urge, is not made manifest from this meager record, which fails to provide the basis for an inference that by doing what he did defendant was making an interdicted suggestion or reference. This is not proof beyond a reasonable doubt that defendant suggested or referred to any immoral, lewd, lascivious, or immoral act. We are not condoning defendant's conduct. We merely hold that what he did is not sufficient to support a finding of guilt under the "suggestion and reference" category of § 563.160.

The judgment of conviction, therefore, is reversed and the sentence is set aside. Defendant requests absolute discharge. Instead we remand, as in the child molestation case of State v. Hook, Mo.Sup., 432 S.W.2d 349, 354 [10], to give the prosecution an opportunity to seek leave to further amend the information as above indicated and to determine whether sufficient proof of the crime alleged is obtainable; or to take such other action as the State may deem advisable. See State v. Cunningham, Mo.Sup., 380 S.W.2d 401, 403 [10]; State v. Drum, Mo.Sup., 217 S.W. 23.

WELBORN, C., concurs.

HIGGINS, C., not sitting.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All concur and CAMPBELL, Special Judge, concurs.