STATE of Missouri, Respondent,

v.

Frank WORTHINGTON, Appellant.

No. KCD 29808.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 3, 1979.

Application to Transfer Denied
July 17, 1979.

J. Martin Kerr, Tittle & Kerr, APC, Independence, for appellant.

John D. Ashcroft, Atty. Gen., Eric Martin, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SWOFFORD, Chief Judge.

The appellant (defendant) was charged by information with the felonies of Sodomy (Count I) under § 563.230 RSMo 1969, and with Molesting a Minor with Immoral Intent (Count II) under § 563.160 RSMo 1969. The defendant, represented by counsel, waived a jury and was tried before the court below, found guilty, sentenced to five (5) years on each Count, the sentences to run concurrently, and he appealed. The charges were based upon acts by the defendant involving a 13-year-old male, an employee of the defendant, who was the only witness for the State. The defendant did not testify and offered no evidence on his own behalf. The facts supporting the charges, necessary to the decision of this appeal, in summary, are as follows:

As noted, the sole witness for the State was F__ E__ H__, a male, thirteen years of age at the time of the alleged offenses and fourteen years of age at the time of the trial. The defendant was the operating manager of a motel on the east side of Kansas City. F__ E__ H__ attended school, and sometime in April, 1976, he and some other boys commenced doing odd jobs at the motel for the defendant, such as cleaning up around the swimming pool and

parking lot, cleaning rooms and working in the restaurant. They were paid for this work.

F___ E___ H___ testified that sometime in April, 1976, he spent the night at the motel and he and the defendant occupied the same bed, and the defendant "just played with me". Several incidents were related by the witness following this occurrence where the defendant had the witness "jack him off" and asked the witness to "suck him", which he refused to do.

On August 19, 1976, F___ E___ H___ testified as to two incidents. One occurred in a regular room on a third floor of the motel where the witness stated he "jacked off" the defendant but again refused to "suck him" (this constitutes the basis for the charge in Count II) and later that day, at about 6:30 p. m. in the laundry room where the witness was folding sheets, at the defendant's request the witness "jacked him off" and "sucked him" (this constitutes the basis for the sodomy charge in Count I). Thereafter, F___ E___ H___ advised his brother and his parents of these facts and this proceeding ensued.

The defendant raises in his first three assignments of error the charge that § 563.-230, the then sodomy statute,[1] is facially unconstitutional and void, in that it violates the constitutional rights of privacy as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States, and Article I, Section 2, of the Missouri Constitution; that he did not waive his right to raise this constitutional issue on appeal; and, that he has standing to assert this constitutional issue. The State, on the other hand, meets this position by denial of the charge of unconstitutionality of the statute and asserts that even if such constitutional infirmity exists, the same was waived by the failure of the defendant to raise that issue at any stage of the proceedings before his brief in this Court. (The record discloses, in fact, that the defendant did not move to quash or otherwise attack the information; did not raise the constitu-

tional issue either before, during or after trial in the court below; and did not raise it in his notice of appeal or otherwise in this Court until he filed his brief.) Further, the State strongly asserts that the defendant lacks standing to challenge the constitutionality of § 563.230 RSMo 1969.

Defendant's constitutional argument may be thus summarized: He asserts that § 563.230, the sodomy statute, is void and invalid *on its face* since it violates the right to privacy, as recognized to exist by the Supreme Court in *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), between married persons in the privacy of their bedroom inherent in the marriage relationship, and as later extended to unmarried adults consenting, by that court in *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).

The threshold question for this Court's determination is whether the defendant, in the light of the facts shown by this record, has standing to present these constitutional questions. If he does enjoy such standing, since he asserts that the statute in question is *facially* unconstitutional and void, this appeal would involve the *construction* of the Constitution, as compared to the *application* of constitutional principles, cannot be waived and this appeal must be transferred to the Supreme Court of Missouri. *State of Missouri v. Mitchell*, 563 S.W.2d 18 (Mo. banc 1978). On the other hand, if he lacks such necessary standing, the constitutional issues here raised, for the first time, cannot be considered on this appeal.

Further elaborating upon defendant's somewhat ingenious and convoluted argument as reflected in his briefs, he takes the position that § 563.230 invades the constitutional right to privacy of "every Missouri citizen" in that it proscribed "what a married couple does in the privacy of their bedroom" and private sexual activity of consenting adults. Such constitutional rights to privacy have, indeed, been recognized by the Supreme Court of the United States in *Griswold v. Connecticut*, 381 U.S.

---

1. § 563.230 under which defendant here was charged in Count I has been repealed and

§ 566.060, Laws 1977, S.B. No. 60, effective January 1, 1979, enacted in lieu thereof.

479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), as to married persons, and in *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), as to consenting adults, and other federal and state authorities. However, never, so far as the briefs here filed and independent research disclose, has this constitutionally protected right to privacy been extended to a factual situation such as disclosed by this record.

Running as a silver thread through all of the federal and state authorities relating to the constitutionally protected right to privacy is the principle that " * * * only personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty' * * * are included in this guarantee of personal privacy. * * * ". *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), at 93 S.Ct., l.c. 726[9]. Such personal rights to privacy, it was emphasized in *Roe*, entail a "compelling state interest" such as the marriage relation, procreation, contraception, family relationships and child rearing and education, to name a few.

The defendant cites and relies upon a relatively small number of decisions from other states (some of which were later overruled in those states), none of which are persuasive here, which extend the right to privacy as to sex activities to consenting adults. One such authority extends to "consensual sodomitical practices performed in private by adult persons of the opposite sex". *State v. Pilcher*, 242 N.W.2d 348 (Sup.Iowa, 1976).

■ The elements giving rise to the right to privacy invoked by defendant are marriage, majority, privacy and consent. Marriage and adult status are completely lacking in this case. Privacy can be assumed from the record. Consent, even if such were present or could be found from this record, would be of no aid to defendant. F__ E__ H__, at the time was 13 years of age, and a person of such tender age is legally deemed incapable of consent to sodomy. *State v. Rutledge*, 267 S.W.2d 625,

626[3, 4] (Mo.1954); *State v. Shumate*, 516 S.W.2d 297, 301[10] (Mo.App.1974); *State v. Wilson*, 361 Mo. 78, 233 S.W.2d 686, 689[10] (1950); and *State v. Villinger*, 237 S.W.2d 132, 134[5] (Mo.1951).[2]

Not by the most extreme stretch of logic or, indeed, of imagination, can the principles expressed in these authorities apply to the sordid facts before the Court in this case. Nor can it be said that any "fundamental" rights of the defendant "implicit in the concept of ordered liberty" are infringed upon by prosecution based upon such facts under Section 563.230 and the Missouri authorities defining its terms and application. The defendant's conduct charged and proved fits squarely within this pattern and stands far removed from any constitutionally protected right to privacy.

■ Under the facts as shown by this record, the defendant is forced to the position which he thus summarizes: "In the instant case defendant contends that Section 563.230, Missouri Revised Statutes, is unconstitutional on its face and *not as applied to defendant*". (Emphasis supplied). He thus takes up the cause of all married persons and consenting adults as to private sexual activities. He has no standing to do so since it has been firmly established that a person in his position "cannot challenge the constitutionality of a statute unless he shows that he himself is injured by it". *Barrows v. Jackson*, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953).

As stated in *United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 46 L.Ed.2d 524 (1960), at 80 S.Ct., l.c. 522[3]:

" * * * Kindred to these rules is the rule that one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional."

See also: *State v. Saunders*, 75 N.J. 200, 381 A.2d 333, 336–337 (1977).

**2.** The present statute, Section 566.060, effective 1/1/79, makes any deviate sexual intercourse

with another person who is less than 14 years old an act of sodomy.

Missouri is squarely in line with these authorities. In *State v. Crawford*, 478 S.W.2d 314 (Mo.1972), a case involving the same sodomy statute here under consideration, the court stated (l.c. 318–319[8]):

" \* \* \* Whether activities of a nature different from those charged against defendant might or might not constitute an offense under § 563.230 are questions the answers to which cannot aid appellant. Defendant 'may not espouse the cause of others differently situated as a defense in a prosecution where the statute clearly applies to him'. *State v. Weigold*, 281 Minn. 73, 160 N.W.2d 577, 580."

Under the facts in the case at bar, the defendant lacked standing to urge the points and arguments attacking the constitutionality of § 563.230 as invading the protected area of privacy of others under different social and factual situations covered in his Points II and III. The matter of waiver by failing to raise these points until this appeal, as presented in his Point I, thus becomes moot.

Defendant, as his Point IV on this appeal, charges that Count II of the Information is insufficient to confer jurisdiction upon the trial court in that it fails to sufficiently inform the defendant of the nature of the charge against him and to sufficiently set forth the essential factual elements of the alleged offense, all in derogation of his constitutional rights.

■ There is no dispute that the defendant has the constitutional right to be informed of the nature of the charge against him. *Smith v. O'Grady*, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859, and that such charge must be sufficiently definite to constitute a bar to further prosecution for the same offense and thus prevent double jeopardy. *State v. Tandy*, 401 S.W.2d 409, 412[2] (Mo.1966). However, defendant is in error in his position that Count II of the Information in this case falls short of those constitutional standards. The statute under which this Information was brought, § 563.160 RSMo 1969, proscribes five specific acts, any one of which constitutes the ultimate crime encompassed in this statute

of "annoying or molesting" a minor. The Information here is drawn to charge the second of such acts, namely, taking "indecent or improper liberties with such minor". The pertinent part of this statute reads:

"Any person who in the presence of any minor, \* \* \* shall *take indecent or improper liberties with such minor*; \* \* shall be considered *as annoying or molesting said minor* and shall upon conviction, \* \* \* " etc. (Emphasis supplied)

The Information in this case, in pertinent part, states:

"Now comes Sam Modica, Assistant Prosecuting Attorney for the State of Missouri in and for the body of Jackson County, and upon his oath informs the court, that \* \* \* (defendant) \* \* \* on or about the 19th day of August, 1976, did then and there unlawfully, willfully, intentionally, feloniously \* \* \* *molest and annoy a minor child*, to-wit (F—— E—— H——) of the age of thirteen years of age, *by then and there taking improper and indecent liberties with said minor.* \* \* \* " (Emphasis supplied)

It is apparent that the Information first charged the commission of the crime proscribed by the statute and then specifically set forth the second act enumerated in the statute. It has long been the rule that it is sufficient to frame the indictment or information in the language of the statute and that rule has been specifically applied to Section 563.160 here under consideration. *State v. Tandy*, 401 S.W.2d 409, 413[3] (Mo.1966) and cases cited therein; *State v. Sullivan*, 454 S.W.2d 515, 517[1] (Mo.1970). In each of these cases the Informations commenced with a statement of the ultimate fact that defendants did unlawfully and feloniously annoy and molest a minor child, followed by "a specification that he did so by any one or more of the five kinds of acts or categories of acts therein proscribed, couched in the language of the statute". The Informations in *Tandy* and *Sullivan* were held to be sufficiently definite to enable the defendants to prepare their defenses and to bar further prosecution for the same offense. Likewise, Count II of the

Information here under review meets these standards and is sufficient. See also, *State v. Sparling*, 545 S.W.2d 430[1] (Mo.App. 1977).

As a corollary to Point IV, the defendant argues that the Court admitted evidence of sexual incidents between the defendant and the minor here involved which occurred prior to August 19, 1976, and thus further confused the record as to exactly which acts were charged in the Information. While not specifically asserting error in the admission of this evidence of prior incidents, the defendant argues that "the vast majority" of the testimony offered by the State "pertained to acts that occurred" prior to August 19, 1976 and that "without the testimony" the "State's evidence would have been wholly insufficient to support the verdict." Whether defendant's argument in this area is based upon the inadmissibility of such evidence or upon the claim that he was in fact being tried for prior crimes, is not clear. However, in either event, his position is without merit.

■ In the first place, he made no objection to the admission of this evidence and thus waived any claim as to its inadmissibility. *State v. Henderson*, 510 S.W.2d 813, 822[14] (Mo.App.1974); *State v. Jines*, 539 S.W.2d 801, 804[7] (Mo.App.1976); *State v. Ross*, 554 S.W.2d 522, 523[2] (Mo.App.1977); McCormick, Evidence, Sec. 52, p. 115 (1st Ed. 1954).

■ In the second place, the evidence of prior sexual incidents was admissible (even though they could be said to constitute prior crimes) as proper evidence to show the probability that the specific acts charged had been committed and to show the relationship of the parties involved. "They constitute the foundation of an antecedent probability or of a corroboration". *State v. Garner*, 481 S.W.2d 239, 241[4] (Mo.1972).

■ Further, the defendant could not have been misled by the admission of this evidence nor deprived of the necessary notice as to the charges for which he was on trial. The Information is strictly confined to the acts committed on August 19, 1976,

and the trial court, here also the trier of the facts, strictly confined its finding of guilt and sentence to those specific acts of August 19, 1976. Defendant's Point IV is ruled against him.

The defendant's Point V charges the trial court with error in failing to dismiss Count II of the Information, in that prosecution thereunder placed the defendant in double jeopardy, in violation of his constitutional rights. He asserts that he was tried twice at the same trial for "precise, exact acts", i. e. sodomy under Count I, and annoying and molesting a minor under Count II.

■ This position is not supported by the record nor the law. The State's evidence clearly established two separate and distinct offenses committed by the defendant on August 19, 1976. The first of these occurred in a third floor room at the motel, as heretofore related, and formed the basis for the charge of molestation under § 563.160, as contained in Count II. The second occurred later that evening in the linen room of the motel, as heretofore related, and formed the basis for the charge of sodomy under § 563.230, as contained in Count I. Thus two separate and distinct crimes occurring at different times and at different places were charged and supported by the evidence.

■ To support the defense of double jeopardy it must be shown that a person has been subjected to a prosecution for the same offense after a prior acquittal for that offense. *State v. Cline*, 477 S.W.2d 91, 94[3] (Mo.1972). The offenses proscribed by § 563.230 and § 563.160 are separate and distinct crimes. " * * * The *subject matter* of the two statutes *differ, as do the essential elements of the offense involved*." *State v. Oswald*, 306 S.W.2d 559, 562[6] (Mo.1957). While it is true that where one commits acts within these sections at the same time and place, the State is put to an election as to which will form the basis for a prosecution, *State v. Oswald*, supra; however, such person may be charged and tried under each statute where the offenses are committed at different times and places, as

is the situation now before this Court. Defendant's Point V is ruled against him.

The judgment and sentence is affirmed.

All concur.