**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Thomas CHARITY, Defendant-Appellant.**

No. 11984.

Missouri Court of Appeals,
Southern District,
Division Two.

July 14, 1981.

John Ashcroft, Atty. Gen., John C. Reed, Kristie Green, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

G. Michael Baker, Springfield, for defendant-appellant.

BILLINGS, Judge.

Defendant Thomas Charity was convicted by a Jasper County jury of promoting prostitution in the second degree in violation of § 567.060, RSMo 1978, and his punishment was fixed at seven years imprisonment. Because the grand jury indictment failed to allege an essential element of the crime, we must reverse and remand.

Section 567.060, RSMo 1978, provides as follows:

"A person commits the crime of promoting prostitution in the second degree if he knowingly promotes prostitution by

*managing, supervising, controlling, or owning,* either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes." (Our emphasis.)

A cursory inspection of the indictment against the defendant discloses that he was not charged with managing, supervising, controlling, or owning, alone or otherwise, the massage parlors which prompted the indictment. The indictment read:

"The Grand Jurors of the County of Jasper, State Of Missouri, charges [sic] that the defendant, in violation of Section 567.060, RSMo., committed the Class C Felony of Promoting Prostitution In the Second Degree, punishable upon conviction under Sections 558.011.1(3) & 560.011, RSMo., in that during the Period from January 1, 1979, to October 1, 1979, in the County of Jasper, State of Missouri, the defendant knowingly promoted prostitution activity by two or more prostitutes at the Venus Massage on East 7th Street, Joplin, Missouri and at the Apollo Massage located in Jasper County, with the address of Route 2, Galena, Kansas."

■■ We think it is clear that defendant's management, supervision, control, or ownership is an essential element of the crime of promoting prostitution in the second degree. See *Wood v. State,* 573 S.W.2d 207 (Tex.Cr.App.1978); MACH–CR 21.08.[1] An indictment must allege all of the elements of the crime intended to be charged and any missing elements cannot be supplied by intendment or implication. *State v. Brooks,* 507 S.W.2d 375 (Mo.1974); Rule 23.01(b), V.A.M.R. An indictment is jurisdictional and if it fails to charge a crime the court acquires no jurisdiction to proceed and whatever transpires after its filing is a nullity. *Montgomery v. State,* 454 S.W.2d 571 (Mo.1970); *State v. Johnson,* 548 S.W.2d 245 (Mo.App.1977). And, even where not challenged in the trial court, the sufficiency of the indictment is reviewable

on appeal. *State v. Kesterson,* 403 S.W.2d 606 (Mo.1966); Rule 30.20, V.A.M.R.

■■ The State urges that because the defendant did not seek a bill of particulars under Rule 23.04, V.A.M.R., this failure constituted a waiver of the sufficiency of the indictment. However, Rule 23.04 requires that the indictment or information allege "the essential facts constituting the offense charged" and authorizes a bill of particulars for the purpose of informing the defendant of the particulars of the offense sufficiently to prepare his defense. Where, as here, "[T]he omissions in the indictment or information are of such fundamental character as to make it wholly insufficient and invalid, ... such insufficiency is not waived by failure to raise the question at the early stages." *State v. Kesterson,* supra, at 611.

In view of our conclusion that the indictment was fatally defective, there is no occasion to review other assignments of error. The judgment is reversed and the cause remanded.

HOGAN, J., and PREWITT, P.J., concur.

MAUS, C.J., dissents and files opinion.

MAUS, Chief Judge (dissenting).

I must respectfully dissent. The indictment is not a model and certainly should not be followed. However, measured by the standards for informations or indictments, as those standards have developed, I believe the indictment is not fatally defective.

V.A.M.R. Crim. Rule 23.01(b)(2) requires an indictment to "[s]tate plainly, concisely, and definitely the essential facts constituting the offense charged". It "must adequately notify a defendant of the charge against him and constitute a bar to further prosecution for the same offense, ...." *Hodges v. State,* 462 S.W.2d 786, 789 (Mo. 1971). Also see *State v. Tandy,* 401 S.W.2d 409 (Mo.1966).

---

1. Effective January 1, 1979.

   We note that the State's verdict director [MAI–CR 2d 21.08] required the jury to find that "the defendant promoted prostitution by *supervising* in association with others...." (Our emphasis.)

The crime in question is defined by § 567.060, quoted in the majority opinion. The indictment charges that during the period from January 1, 1979, to October 1, 1979, the defendant violated § 567.060 in that he "knowingly promoted prostitution activity by two or more prostitutes at the Venus Massage on East 7th Street, Joplin, Missouri and at the Appollo Massage located in Jasper County. . . ." There can be no doubt but what the indictment alleges, and notifies the defendant, his criminal act was promoting prostitution in contravention of § 567.060. The indictment with unequivocal clarity specifies when and where the alleged offense was committed. Without doubt, the indictment is sufficient to bar further prosecution for the violation of § 567.060 at the times or places specified in the indictment.

It is true the indictment does not expressly allege the defendant violated § 567.060 by any one of the four acts set forth in that section. However, the indictment in clear, direct terms alleges the defendant did violate § 567.060. That clear and direct allegation must mean something. "[B]y fair construction", see 41 Am.Jur.2d Indictments and Informations § 315, p. 1075, it means the defendant promoted prostitution by managing, or supervising or controlling or owning prostitution activity. Compare *State v. Puckett*, 607 S.W.2d 774 (Mo.App. 1980) in which the court found an information charging a violation of § 560.156 (stealing) by implication alleged an appropriation was "without consent", one of the two statutory methods for the commission of the crime. For other cases finding informations sufficient by construction at least in part based upon reference to the statute violated see *State v. Barkwell*, 590 S.W.2d 93 (Mo.App.1979); *State v. Dentman*, 588 S.W.2d 508 (Mo.App.1979); and *State v. Garrett*, 595 S.W.2d 422 (Mo.App.1980).

However, such construction does not dispose of the defendant's contention the indictment is void because it does not specify by which of the statutory acts the defendant promoted prostitution.

Had the indictment charged the defendant promoted prostitution by managing *and* supervising *and* controlling *and* owning a prostitution activity, the indictment would be held sufficient even though the case was submitted upon but one of the statutory acts. *State v. Hulett*, 595 S.W.2d 767 (Mo. App.1980); *State v. Murry*, 580 S.W.2d 555 (Mo.App.1979). "[W]here a statute denounces one offense which may be perpetrated in different ways, the commission of the offense may be charged in a single count, with the conjunctive 'and' being substituted in the charge for the disjunctive statutory word 'or,' and proof of the consummation of the offense by any of the acts by which it may be committed will sustain the charge." *State v. Hulett*, supra, 595 S.W.2d at 769. 41 Am.Jur.2d Indictments and Informations § 96, § 106 and § 218. Even further, had the indictment expressly charged the defendant with managing *or* supervising *or* controlling *or* owning a prostitution activity, it would be judged sufficient if such alternate charges had been made in alternate counts. *State v. Milentz*, 547 S.W.2d 164 (Mo.App.1977). Yet, in each instance the indictment would have conveyed no more information to the defendant than the indictment in question. In all instances, if the defendant had any doubt concerning the particulars of the offense or proof he must face, such doubt could be readily removed by a demand for a bill of particulars, Rule 23.04, or demand for disclosure or by deposition, Rule 25. Compare *State v. Foster*, 603 S.W.2d 27 (Mo.App. 1980). On these precedents and for these reasons the indictment in question should be held sufficient.

However, there are cases by which this court is bound that announce that generally when a statute provides alternate acts by which a crime may be committed an indictment that charges those acts in the alternative is insufficient. *State v. Lusk*, 452 S.W.2d 219 (Mo.1970). Inroads are being made upon the authority of such cases. See *State v. Stancliff*, 467 S.W.2d 26 (Mo.1971) in which it was held that even though the information charged pre-code first degree murder, the case was properly submitted upon the felony murder doctrine.

More to the point, there is a recognized exception to the general rule. That exception is applicable when a statute provides that a crime may be committed by alternate acts by words which are synonymous or, even though not precisely synonymous, have common elements and "do not connote entirely separate and distinct acts as constituting an offense." *State v. Virdure*, 371 S.W.2d 196, 199 (Mo.1963). This exception has been held to sustain alternate charges of "in his possession or under his control", *Virdure*, 371 S.W.2d at p. 199; registering bets upon "trials or contests of skill, speed, or power, or endurance . . .", *State v. Reask*, 409 S.W.2d 76, 81 (Mo.1966); and appearing in a "case or proceeding", *State v. Shell*, 571 S.W.2d 798, 801 (Mo.App.1978).

Further in *State v. Sullivan*, 454 S.W.2d 515, 516 (Mo.1970) an information charged the defendant molested a child by "language, sign or touching, suggest or refer to an immoral, lewd, lascivious or incident act . . .". In holding the information sufficient, the Supreme Court stated the following principle also applicable to this case:

> An information under § 563.160 which commences with the statement of the ultimate fact that defendant did unlawfully and feloniously annoy and molest a minor child, followed by a specification that he did so by any one or more of the five kinds or categories of acts or conduct therein proscribed, couched in the language of the statute, is sufficient to satisfy the right of the accused in a criminal prosecution to demand the nature and cause of the accusation, Art. 1, § 18(a), Constitution of Missouri, 1945, V.A.M.S., and is sufficiently definite to enable him to prepare his defense and to constitute a bar to further prosecution for the same offense. *State v. Sullivan*, supra, 454 S.W.2d at 517.

In this case the indictment in effect charged the defendant promoted prostitution by managing or supervising or controlling or owning prostitution activity. These words of offense "relate to the same act; their ordinary and legal meanings are interrelated; and each has elements of the other." *State v. Virdure*, supra, 371 S.W.2d at 199. Within the exception applied in *Virdure*, and the principle enunciated in *Sullivan*, the indictment was not void.

There was sufficient evidence to convict the defendant of each act considered by itself. The irregularity did not prejudice the substantial rights of the defendant and the indictment should not be held invalid. Rule 23.11. Compare *Kansas City v. Stricklin*, 428 S.W.2d 721 (Mo. banc 1968); *State v. Puckett*, supra.