STATE of Missouri,
Plaintiff-Respondent,

v.

John ATTERBERRY,
Defendant-Appellant.

No. 12971.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 5, 1983.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Bruce Farmer, Law Student (Appearing under Supreme Court Rule 13), Jefferson City, for plaintiff-respondent.

Michael Baker, Springfield, for defendant-appellant.

PER CURIAM:

A Stone County jury declared defendant guilty of the class D felony of tampering with a witness as denounced by § 575.270 [1]. He was sentenced to imprisonment for a term of two years [§ 558.011–1(4)] and appealed.[2]

Tim and Caroline Sauer and their two sons were riding in an automobile when it was overtaken and sideswiped by a car which did not stop. Tim pursued the fleeing vehicle, stopped it and learned it was driven by Gary Moore and occupied by a woman. At Tim's instruction, Moore followed the Sauer automobile into Kimberling City. However, while Tim was telephoning the authorities anent the matter, Moore "took off" and was subsequently charged with leaving the scene of an accident. Five days after this occurred Caroline was told to contact defendant because he, for the benefit of Moore, had offered to pay for repairing the Sauer automobile and pay to Tim and Caroline an additional $200. Three days thereafter because neither Tim

1. References to statutes, rules and MACH–CR are to V.A.M.S., V.A.M.R. and Missouri Approved Charges—Criminal.

2. Defendant's counsel on appeal was not his counsel at trial.

nor Caroline had contacted him, defendant telephoned the Sauers' restaurant and asked to speak with Tim. When Caroline told him Tim was absent, defendant conversed with Caroline and repeated the offer previously relayed. Defendant explained the offer was conditional upon Tim going to Moore's lawyer and signing a statement that the vehicle involved in the hit-and-run did not belong to and had not been driven by Moore. When Caroline told defendant that neither she nor Tim would accede to his suggestion defendant, inter alia, said "Everybody has a price," "You better do this or else" and "You'd better take the money or else."

Section 575.270 reads as follows: "Tampering with a witness. 1. A person commits the crime of tampering with a witness if, *with purpose to induce* a witness or a prospective witness in an official proceeding to disobey a subpoena or other legal process, or to absent himself or avoid subpoena or other legal process, or to withhold evidence, information or documents, or to testify falsely, he: (1) Threatens or causes harm to any person or property; or (2) Uses force, threats or deception; or (3) Offers, confers or agrees to confer any benefit, direct or indirect, upon such witness." (Emphasis supplied).

The information in the instant case charged "that on January 18, 1982, the defendant contacted Mrs. Tim Sauer . . . and the defendant offered to confer a benefit upon or threatened Tim Sauer if he should testify." MACH–CR 29.86 is the approved form for charging the crime of tampering with a witness in violation of § 575.270 and the approved charge, as does the statute, includes the statement that defendant "with purpose to induce" the prospective witness in one of the enumerated ways did so by one of the acts described in law. Upon this appeal, defendant's counsel specifically complains that the information under which his client was tried and convicted, failed to properly charge the offense of tampering with a witness under § 575.270 in "that the allegation as to purpose is missing."

Rule 23.01(b)–2 provides that the information shall state plainly, concisely and definitely the essential facts constituting the offense charged. "Essential facts" means the elements of the offense and an information which does not allege the essential elements of the crime charged is void. *State v. Ladner,* 613 S.W.2d 951, 952[3–4] (Mo.App.1981). Essential elements of the crime charged which are missing from the information cannot be supplied by intendment or implication. *State v. Charity,* 619 S.W.2d 366, 367[2] (Mo.App.1981). The purpose of an indictment or information is to inform the defendant of the charge against him so that he may prepare an adequate defense and plead former jeopardy if he be acquitted. It also has the purpose of permitting the trial court to determine whether sufficient facts are averred to support a conviction. The first purpose exists to protect the due process rights of the accused while the second provides the basis for the court's subject matter jurisdiction. If an information be insufficient, the trial court acquires no jurisdiction and whatever thereafter transpires is a nullity. *State v. Gilmore,* 650 S.W.2d 627, 628[1, 2] (Mo. banc 1983).

The word "purpose" is synonymous with "intent." Webster's New World Dictionary of the American Language, College Ed., p. 1182. Therefore, the phrase "with purpose to induce" as contained in § 575.-270, could read "with intent to induce." It has been ruled that when a particular intent is an element of the offense charged, it must be alleged in the information with definiteness and certainty and nothing of substance should be left to intendment or implication. E.g. *State v. Harris,* 313 S.W.2d 664, 669[2], 670–671[7] (Mo.1958) where allegation that receipt of stolen property was done "feloniously and fraudulently" was held insufficient to charge the statutory element that it be with "intent to defraud"; *State v. Gilmore,* supra, 650 S.W.2d at 629, where the capital murder indictments were held to be fatally defective for failing to allege the element of deliberation; and *State v. DiLiberto,* 537

S.W.2d 671 (Mo.App.1976), where the information failed to allege a wrongful intent in making a false representation which was the basis of a charge of misconduct in office.

■ Under § 575.270, a person commits the crime of tampering with a witness only if he, "with purpose to induce" a witness to disobey or avoid a subpoena or absent himself or testify falsely he does any of those things proscribed by the statute. Because of the strict pleading requirements and the express inclusion of a "purpose to induce" as a statutory element of the crime in issue, this element of the present case could be found in the instant information only by implication or intendment which is not permitted.

In view of our conclusion that the information was fatally defective, we have no occasion to review defendant's other assignments of error. The judgment is reversed and the cause remanded.

It is so ordered.

All concur.