**STATE of Missouri, Respondent,**

v.

**Linda SMITH, Appellant.**

**No. WD 38174.**

Missouri Court of Appeals, Western District.

Dec. 9, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 3, 1987.

Application for Transfer Sustained March 17, 1987.

Case Retransferred Sept. 4, 1987.

Court of Appeals Opinion Readopted Sept. 16, 1987.

Dennis D. Goodden, Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P.J., and MANFORD and BERREY, JJ.

SHANGLER, Presiding Judge.

The defendant Linda Smith was charged with four separate counts of forgery under § 570.090, RSMo 1978, and convicted by a jury. The court imposed the punishment assessed by the jury—six months in the county jail. The defendant contends on appeal (1) that venue was not proven as to Count IV, and hence no valid conviction was returned on that count, (2) that the information failed to allege as to any count that the defendant acted with the purpose to defraud, and hence an offense was not charged under § 570.090, and the court was without jurisdiction to submit the defendant to trial.

Linda Smith and Sam Bentley met at a bar in Mexico, Missouri, and they entered a social and sexual liaison. It continued for seven months, during which time Bentley helped Ms. Smith with her expenses. He paid her rent, purchased a new automobile for her, and loaned her money to purchase a truck. Ms. Smith had access to his house and car where Bentley kept his blank checks. In August of 1984, four checks were written against the Bentley account with the First National Bank of Mexico, Missouri, numbered 331, 337, 338 and 340, and were cashed at various locations. These checks did not bear the Bentley signature nor did he authorize anyone to sign them. The testimony established that on August 6, 1984 and August 10, 1984, Ms. Smith presented and cashed two of the checks in the drive-in facility at the Callaway Bank. The other two checks were presented and cashed at the Gerbes Grocery Store in Fulton, each on a separate occasion. In a written statement to the police, the defendant Smith admitted that she forged the Bentley signature of the four checks. The confession was received as evidence without objection.

We sustain the contention that the information failed to allege an offense for forgery under § 570.090, RSMo 1978, and hence reverse the convictions on the four counts that pleading charges.

Section 570.090 provides:

1. A person commits the crime of forgery if, *with the purpose to defraud,* he

(1) Makes, completes, alters or authenticates any writing so that it purports to have been made by another or at another time or place or in a numbered sequence other than was in fact the case or with different terms or by authority of one who did not give such authority; or

(2) Erases, obliterates or destroys any writings; or

(3) Makes or alters anything other than a writing, so that it purports to have a genuineness, antiquity, rarity, ownership or authorship which it does not possess; or

(4) Uses as genuine, or possesses for the purpose of using as genuine, or transfers with the knowledge or belief that it will be used as genuine, any writing or other thing which the actor knows has been made or altered in the manner described in this section.

2. Forgery is a class C felony. (emphasis added)

Thus, forgery may be committed in four different ways, but as to each, the offense is complete only if the conduct was *with the purpose to defraud.*

The information against Linda Smith as to each—Count I, II, III, and IV—alleges violation in terms of paragraph (4) of the statute: that on the stated date, in the stated venue,

the defendant transferred with knowledge or belief that it would be used as genuine check number [331, 337, 338, 340, respectively] drawn on the account of Sam Bentley at First National Bank of Mexico, Missouri, and that at that time knew that the writing had been made so that it purported to have been made by

another, contrary to the form of the statute in such cases made and provided.... The information, as to each count, failed to allege that the conduct was committed *with the purpose to defraud.* The purpose to defraud is an element of the crime of forgery and must be alleged as well as proven, for a valid conviction. *State v. Boley,* 565 S.W.2d 828, 831[4] (Mo.App.1978).

The indictment or information serves to inform a defendant of the nature of the accusation and so to enable the preparation of an adequate defense and to plead former jeopardy if acquitted. *State v. Atterberry,* 659 S.W.2d 339, 341[1–5] (Mo.App.1983). The first purpose exists to protect the right to due process, and the second, to vouchsafe the subject matter jurisdiction of a court over a pendent prosecution. *State v. Gilmore,* 650 S.W.2d 627, 628[1, 2] (Mo. banc 1983). A court acquires no jurisdiction to adjudicate under an insufficient information, and a conviction obtained thereunder is a nullity. *State v. Brooks,* 507 S.W.2d 375, 376[1–3] (Mo.1974). The test of sufficiency is that the information contains all the essential elements of the offense as delineated in the statute and so clearly apprises the defendant of the constituent facts of the offense and so enables a defense. *State v. Strickland,* 609 S.W. 2d 392, 395[7, 8] (Mo. banc 1981). To be sufficient as a charge of forgery under § 570.090, therefore, an information must not only allege that the defendant acted in one of the four manners which constitute the offense under that statute, but also that the conduct was *with the purpose to defraud.* The information does not accuse that the defendant acted with the purpose to defraud, and hence, on the authority of these precedents, is void for want of the charge of a fact essential to the jurisdiction of the court to adjudicate forgery under § 570.090. *State v. Gilmore,* 650 S.W.2d at 629[4–6]; *State v. Boley,* 565 S.W.2d at 831[4]; *State v. Charity,* 619 S.W.2d 366, 367[1–6] (Mo.App.1981). Accordingly, the conviction and judgment rendered on the information is also void and must be reversed. *Charity,* 619 S.W.2d at 367[5, 6].

The prosecution argues that the want of averment of the *purpose to defraud* not-

withstanding, each count of the information not only describes the manner in which the forgery was committed, but cites each episode of conduct as a violation of § 570.090.1(4)—and hence, constitutes a sufficient statement of offense under Rule 23.01(b). That criminal procedure prescribes:

The indictment or information shall:

1. State the name of the defendant if known, ...;

2. State plainly, concisely, and definitely the essential facts constituting the offense charged;

3. State the time and place of the offense charged as definitely as can be done;

4. Cite the section of the statutes alleged to have been violated and the section of the statute which fixes the penalty or punishment therefor; and

5. State the name and degree, if any, of the offense charged.

This rule, the prosecutor notes to us, encompasses a component the predecessor versions lacked—that · the information "[c]ite the section of the statutes alleged to have been violated." That added component [as the Committee Notes to Rule 23.01 advise] derives from Fed.R.Crim.P. 7(c)(1). The federal decisions, the prosecutor argues, infer the content of the statute from the citation of the statute, and hence the citation not only is deemed adequate notice to an accused of the elements of the crime charged, but also renders sufficient an otherwise insufficient information.

It is plausible in this era of appointed counsel and of criminal discovery facilitated to an accused that a rule of criminal pleading—such as Rule 23.01(b)—be read in terms of that developed jurisprudence, and not through the obsolescence of common law practices. Some dissent agrees. *See State v. Charity,* 619 S.W.2d 367 and *State v. Voyles,* 691 S.W.2d 452, 456 (Mo. App.1985). It is not easily understandable, as a practical matter, why an information which charges that an accused, "in violation of Section 570.090.1(4)" and "with the knowledge and belief that it would be used

as genuine," transferred the described check drawn on the account of Sam Bentley at the described bank, and with knowledge at the time "that the writing had been made so that it purported to have been made by another" does not describe conduct transacted *with a purpose to defraud.* Nor is it easily understandable what the function may be of paragraph 4 of Rule 23.01(b)—which requires that the information "[c]ite the section of the statutes alleged to have been violated"—if not to interstice the imperfections of the information with the terms of the statute, and so complete to the defendant the notice of the accusation the substantive law requires. The defendant claims no prejudice to the defense from the want of averment that the conduct was *with a purpose to defraud,* except the prejudice our present rule of law presumes. The defendant can claim no exposure to jeopardy under the information in the case of an acquittal, since it is "the entire record of the proceedings, and not the information alone [which is] looked to if there is a claim of double jeopardy," *State v. Stigall,* 700 S.W.2d 851, 855 (Mo.App.1985)—and these convictions for forgery were returned under MACH–CR instructions which required for the verdicts that the jury find "the defendant so acted *with the purpose to defraud."* [emphasis added] *See* MACH–CR 24.20.1–24.20.4.

The authority we are bound to follow, however, disallows intendment or implication to supply an element of offense not expressly charged. The citation to the statute does not satisfy the obligation of paragraph 2 of Rule 23.01(b) that the information shall "[s]tate plainly, concisely, and definitely the essential facts constituting the offense." *State v. Gilmore,* 650 S.W.2d at 629[7]; *State v. Boley,* 565 S.W.2d at 831[4].

The judgments of conviction are reversed.

BERREY, J., concurs.

MANFORD, J., concurs in separate concurring opinion filed.

MANFORD, Judge, concurring.

I submit this concurring opinion because as a member of this court I am bound to follow the latest ruling by our state supreme court.

The majority herein, without question, accurately follows and applies the existing law to the particular issue of the adequacy of informations charging criminal acts within our state. However, in the present case, I believe that the information herein is not fatally defective and complies sufficiently with the Criminal Rule 23.01. I heartily support the reasons heretofore expressed in the dissents within *State v. Charity,* 619 S.W.2d 366, 367 (Mo.App. 1981) and *State v. Voyles,* 691 S.W.2d 452, 456 (Mo.App.1985) and incorporate the reasons found within those two dissents herein.

There is no question, under the particular facts and circumstances of this case, that the accused knew of the offenses charged against her. There is no question that the charge was sufficient so that the accused could actively and effectively prepare whatever defense deemed applicable to the charges. The safeguard of double jeopardy is certainly preserved because of the specific allegations contained within the informations.

It is well past the time that this state should adopt an applicable rule where the contents of the statute alleged to have been violated may be inferred and that an information will not be insufficient such as the majority obviously concludes herein.

This particular decision follows a long line of cases which, in my judgment, have preferred form over substance and therefore, criminal prosecution has been overturned on obvious, if not absolutely ridiculous, technicalities.

I realize this court is bound to follow the latest ruling by our state supreme court, and I support such a requirement. However, this case illustrates what occurs too often in that the failure to include a particular word or phrase within an indictment or information is used as a basis to discharge a person who is found, upon the evidence, to be guilty as charged. In addition, this

case clearly illustrates how ridiculous such a position in philosophy has become, because the accused herein voluntarily confessed to the crimes and that confession was introduced into evidence without objection. It is well past the time that the state adopt the disposition of such matters that have been followed by the federal courts for some time, in that when a violation is alleged under a particular statute, although a particular word or phrase has been inadvertently omitted, if from the entirety of an information or indictment it is reasonably clear that an accused is apprised of the offense and can adequately prepare a defense thereto, then such indictment or information should not be rendered insufficient upon a purely technical basis.